■ DANIEL LEONARD et al.. Individually and as Natural Guardian of PATRICK LEONARD and Another, Infants, Respondents, v. WALTER DAVENPORT & SONS, INC., Defendant-Appellant and Third-Party Plaintiff-Appellant-Respondent. ESSO STANDARD OIL CO., Now Known as HUMBLE OIL & REFINING Co., Third-Party Defendant-Appellant, et al., Third-Party Defendants.— Judg-

ment, Supreme Court, Bronx County, entered June 20, 1973, unanimously reversed on the law, and vacated, without costs and without disbursements and a new trial directed. This is an action brought by plaintiffs, Daniel and Nora Leonard (husband and wife) and Daniel Leonard, individually and as natural guardian of Patrick and Josephine Leonard (the children of this marriage, ages 11 and 8½, respectively, at the time of the accident), for personal injuries sustained by them as a result of an explosion and fire in a house trailer they purchased on or about August, 1968, due to the alleged presence of propane gas from a liquified petroleum gas cylinder delivered in 1961 to the prior owner by defendant Walter Davenport & Sons, Inc. The defendant, Walter Davenport & Sons, Inc., thereafter brought in as a third-party defendant Esso Standard Oil Company (now known as Humble Oil & Refining Co.) pursuant to a claim that the liquid propane gas was purchased from Esso in bulk by said defendant and delivered in such form to said defendant "sometime in 1961 but before November 1961". Perusal of the record discloses that a critical factual issue was raised as to whether or not the propane gas could be detected by olfactory sensation at the time of the accident, which issue necessarily entailed ancillary issues as to the presence, or lack thereof, of a malodorant additive and the duty and responsibility of the defendant and third-party plaintiff Walter Davenport & Sons, Inc., and third-party defendant Esso with respect thereto. The record is replete with conflicting testimony in regard to the afore-mentioned issues and the issue of contributory negligence. The trial court charged the jury with respect to contributory negligence on the part of plaintiff Daniel Leonard and correctly observed that it was necessary to bring in a separate verdict with respect to each of the several plaintiffs. However, the court further charged: "If you find that the plaintiffs are entitled to a verdict, that the defendant was negligent, you must find a verdict in favor of all the plaintiffs in all four cases. You may not find a verdict for one plaintiff and for the defendant in another. If the defendant was negligent, he is negligent in all four cases and all four plaintiffs are entitled to separate verdicts." The unitary aspect of this portion of the charge was further emphasized by the subsequent declaration of the court that the jury could consider the third-party action against Esso only if they found in favor of all the plaintiffs against the defendant Davenport. It is patent, therefore, that in this case involving resolution of hotly disputed and close factual issues, the ambiguity and suggestive nature of the charge as delineated above is prejudicial. It is beyond cavil that, assuming a finding of contributory negligence on the part of plaintiff Daniel Leonard, such negligence would not in and of itself bar recovery by the remaining plaintiffs (see General Obligations Law, § 3–111). The jury may well have been under the apprehension that such contributory negligence would bar recovery by any plaintiff. It appears that it was this very consideration which prompted counsel for the third-party defendant Esso to question and take exception to that portion of the charge quoted above. Accordingly, the interests of justice require, under the circumstances herein, a new trial. In view of this disposition, the court does not consider the remaining contentions raised by the parties on this appeal. Concur — Kupferman, J. P., Murphy, Lupiano, Capozzoli and Lane, JJ.