■ ANTONIO MISEL et al., Appellants-Respondents, v N.F.C. CAB CORP. et al., Respondents-Appellants, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent. (And a Third-Party Action.) [658 NYS2d 625] —Order and judgment (one paper), Supreme Court, New York County (Joseph Teresi, J.), entered, after a jury trial, on or about February 13, 1996, which, *inter alia,* granted judgment against defendant N.F.C. Cab Corp. ("NFC") in favor of plaintiff in the principal sum of $908,178 plus costs and dismissed plaintiffs' claims against defendant Consolidated Edison Company of New York, Inc. ("Con

Edison"), unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, and a new trial ordered only as to the liability of defendant Con Edison and the apportionment of culpability between defendants.

This action seeks recovery for serious injuries that were suffered by plaintiff Antonio Misel, an employee of a Con Edison contractor, when he was struck by a taxicab owned by defendant NFC as he was standing on the running board of a Con Edison dumptruck at a repair site on Fifth Avenue in Manhattan. Both plaintiff and NFC appeal from a judgment that found NFC responsible for 100% of the damages and absolved Con Edison from all liability.

One of the bases for plaintiffs' claim against Con Edison was the positioning of the dumptruck, which, plaintiffs alleged, was negligently parked so that it protruded at an angle into the lane of moving traffic, thereby creating a hazardous situation. Since this claim was set forth in plaintiffs' bill of particulars, there is no question that it was a matter concerning which Con Edison was fully prepared to defend; indeed, its expert witness testified as to the proper positioning of the truck.

Under these circumstances, we find that the IAS Court improvidently exercised its discretion in totally precluding, pursuant to CPLR 3101 (d) (1) (i), plaintiffs' expert's testimony concerning whether the truck was properly positioned and the requirements for safely positioning trucks at such sites merely because that specific aspect of the claim was inadvertently omitted from the expert notice provided by plaintiff (*see, Fuoco v County of Nassau*, 223 AD2d 668; *Lillis v D'Souza*, 174 AD2d 976, *lv denied* 78 NY2d 858). In light of the importance of this aspect of plaintiffs' claim, there is no question that this error was prejudicial. A new trial concerning the liability of Con Edison and its proportion of culpability, if any, is therefore warranted. We do not disturb the jury findings as to NFC's liability and the amount of plaintiffs' damages. Concur—Sullivan, J. P., Ellerin, Rubin and Williams, JJ.