■ ANDREA SALAMONE et al., Respondents, v WINCAF PROPERTIES, INC., Respondent and Third-Party Plaintiff-Respondent. T.O.M.I. CONSTRUCTION, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendants. ANDREA SALAMONE et al., Respondents, v T.O.M.I. CONSTRUCTION, INC., Appellant, et al., Defendant. [671 NYS2d 737] —Order, Supreme Court, Bronx County (Hansel McGee, J.), entered April 15, 1996, which, after a jury trial, *inter alia*, granted plaintiff's motion to set aside the jury's award of damages to the extent of vacating its awards for past and future pain and suffering unless the parties stipulated to increase those awards respectively from $150,000 to $500,000 and from $920,000 to $1,800,000 and granted the motion of defendant and third-party plaintiff Wincaf for a directed verdict upon its claim for common-law indemnification against the third-party defendants but which denied Wincaf's motion to set aside the verdict against it finding it 45% at fault, unanimously modified, on the law, to the extent of granting Wincaf's motion to set aside the verdict

insofar as to vacate the jury's apportionment of fault and to substitute therefor the finding that Wincaf's liability pursuant to Labor Law § 240 (1) is vicarious only, and to remand the matter for a new trial for the sole purpose of reapportioning liability among the defendants other than Wincaf, and otherwise affirmed, without costs.

Contrary to appellant T.O.M.I.'s contention, Wincaf's liability for plaintiff's damages was solely statutory, pursuant to Labor Law § 240 (1); there was no evidence that Wincaf directed or controlled the work performed by its subcontractors. Thus, the trial court properly granted Wincaf's motion for a directed verdict upon its claim for common-law indemnification against the third-party defendants (*Kelly v Diesel Constr. Div.*, 35 NY2d 1, 6-7; *Carr v Perl Assocs.*, 201 AD2d 296; *Curtis v 37th St. Assocs.*, 198 AD2d 62). However, the trial court's finding, necessary to its grant of Wincaf's motion for a directed verdict upon its claim for common-law indemnification, that Wincaf was no more than vicariously responsible for plaintiff's harm, was not consistent with its denial of Wincaf's motion to the extent that that motion sought to have the jury's apportionment of liability against it set aside; Wincaf cannot have been at once entitled to common-law indemnification and, as the jury found, 45% responsible for plaintiff's injury. Accordingly since, as noted, we agree with the trial court that there was no evidence of fault on Wincaf's part, we modify to the extent of vacating the jury's apportionment of fault against Wincaf. Having thus determined that the jury's apportionment of liability is not sustainable, it is necessary to remand the matter for a new trial for the purpose of reapportioning liability as between the defendants other than Wincaf (*see, e.g., Misel v N.F.C. Cab Corp.*, 240 AD2d 294).

Respecting the amount of the damages, we agree with the trial court that in light of the uncontroverted evidence that plaintiff sustained serious brain injuries, which caused permanent emotional, visual, cognitive and motor dysfunction, and two fractured vertebrae, the jury's award of $150,000 for past pain and suffering deviated materially from what is reasonable compensation (*see, Connor v City of New York*, 178 AD2d 359). Nor, given the seriousness and permanence of plaintiff's injuries, do we see any reason to disturb the trial court's vacatur of the jury's plainly inadequate award for future pain and suffering.

We have considered defendant-appellant's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Ellerin, Tom, Mazzarelli and Saxe, JJ.