■ BRENDA CLARK, Respondent, v WILLIAM WEBER, Defendant, and MOUNT SINAI MEDICAL CENTER, Appellant. [695 NYS2d 34] —Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered May 14, 1998, which, after jury trial, found in favor of plaintiff-respondent and against defendant-appellant Mount Sinai Medical Center (hereinafter Mount Sinai) in the amount of $269,569.12, unanimously reversed, on the law, without costs, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

As a matter of law, a jury verdict is not supported by sufficient evidence when it is first determined that there is "simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499). Here, the jury found that defendant Dr. Weber did not depart from good and accepted dental practice in performing the surgical procedure on plaintiff's jaw, but that Mount Sinai was negligent in permitting him to perform the surgery. Dr. Weber had previ-

ously performed numerous jaw reconstructions, using a variety of devices; however, he had never served as the primary surgeon in the installation of the subject Christiansen prosthesis. Mount Sinai's liability is premised upon its allowing of Dr. Weber to perform the procedure without requiring him to be assisted by another surgeon more experienced with this particular device. However, there is no evidence in the record to prove Mount Sinai's conduct was the proximate cause of plaintiff's injury. Nowhere in the record is there any proof that an experienced surgeon would have performed the procedure differently, nor is there any evidence that Dr. Weber was negligently supervised by any of the other surgeons in the operating room. In these circumstances, the hospital should have been relieved of any liability.

Were we not dismissing the complaint, we would reverse the judgment and remand the matter for a new trial. Mount Sinai was deprived of the opportunity to offer expert testimony when the court erroneously precluded Dr. Doner from testifying because of defendant's failure to strictly comply with CPLR 3101 (d). Mount Sinai's expert disclosure misidentified Dr. Doner as a physician rather than a doctor of dental surgery. While the disclosure also failed to give Dr. Doner's qualifications, it did set forth the particulars of his expert testimony. Plaintiff did not seek preclusion until the witness was actually called to testify. No prejudice inured to plaintiff's detriment and the witness should have been allowed to testify. Moreover, in light of the fact that the jury exonerated Dr. Weber, the expert's testimony would have been important to the issue of Weber's relative experience. Concur—Nardelli, J. P., Williams, Wallach, Lerner and Andrias, JJ.