■ DANYALE Z. ENGLISH, Respondent, v JEFFREY FISCHMAN, Appellant. [697 NYS2d 613] —Judgment, Supreme Court, New

York County (Alice Schlesinger, J.), entered April 16, 1999, which, upon a jury verdict and the grant, in part, of defendant's post-verdict motion, *inter alia*, to set aside the verdict as excessive, found defendant Fischman liable and awarded plaintiff damages to be recovered from defendant structured pursuant to CPLR article 50-A in amounts reduced, pursuant to the parties' stipulation, from the amounts awarded by the jury, unanimously modified, on the facts, to vacate the awards for past and future loss of earnings and remand the matter for a new trial solely on the issue of damages for loss of earnings, and otherwise affirmed, without costs, unless plaintiff, within 30 days of the date of this order, stipulates to reduce the verdict for past loss of earnings to $365,000 and to reduce the verdict for future loss of earnings to $310,000, and to the entry of an amended judgment in accordance therewith.

The jury's verdict that defendant departed from accepted standards of medical practice and that such departure was a proximate cause of plaintiff's injuries was neither irrational nor against the weight of the evidence adduced at trial (*see, Cohen v Hallmark Cards*, 45 NY2d 493, 497-499). The testimony of the medical experts and of plaintiff's friend, who witnessed plaintiff's condition during the crucial period immediately subsequent to her surgery, as well as the other medical evidence, provided a sufficient basis for the jury to fairly conclude that plaintiff had been bleeding continuously from the time she left the operating room, and that defendant's failure to stop plaintiff's bleeding sooner constituted a departure from accepted standards of surgical practice that proximately caused plaintiff's injuries.

Respecting the amount of damages, we agree with the trial court's finding that the jury's awards for past and future pain and suffering materially deviated from what is reasonable compensation in light of plaintiff's injuries (*see, Salamone v Wincraf Props.*, 249 AD2d 169, 170), and we uphold the reduction of the jury's pain and suffering awards. The awards for loss of earnings, however, even as reduced in the appealed judgment pursuant to the parties' stipulation, are excessive to the extent indicated. Concur—Ellerin, P. J., Williams, Wallach, Buckley and Friedman, JJ.