■ ANTONIO MISEL et al., Appellants-Respondents, v N.F.C. CAB CORP. et al., Respondents-Appellants, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent. [715 NYS2d 413] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about July 20, 1999, which, after a second jury trial, granted defendant Con Edison's motion to set aside the jury verdict finding Con Edison 15% liable for plaintiff's injury, unanimously affirmed, without costs.

Plaintiff, an employee of a Con Edison contractor, sought damages for serious injuries sustained when he was struck while working at a repair site by a taxi cab owned by defendant N.F.C. Cab Corp. and operated by defendant Davidson. Following the first trial of this case, a judgment was entered, inter alia, dismissing plaintiff's claims against Con Edison and finding N.F.C. Cab 100% liable. The judgment, however, was reversed based upon the improper preclusion of the testimony of plaintiff's expert, the complaint against Con Edison reinstated and a new trial ordered solely as to the liability of Con Edison and the apportionment of liability as between N.F.C. Cab and Con Edison (see, Misel v N.F.C. Cab Corp., 240 AD2d 294). Upon retrial, the jury determined that Con Edison had been negligent and that it was 15% liable for plaintiff's harm.

The jury verdict holding Con Edison 15% liable was properly set aside in the presently appealed order, the motion court having correctly determined that, based upon the trial evidence, no valid line of reasoning would support a finding of liability against Con Edison (*see, Clark v Weber*, 264 AD2d 569). It is plain, as a matter of law, that plaintiff's accident was caused not by the position of Con Edison's truck or its safety cones but solely by the manner in which Davidson operated the N.F.C. cab. Concur—Sullivan, P. J., Rosenberger, Tom, Wallach and Andrias, JJ.