■ AARON J. ROSEN et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants, and NAB CONSTRUCTION CORP., Respondent. (And a Third-Party Action.) [743 NYS2d 701] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about October 23, 2000, which, in an action by a pedestrian hit by a car for personal injuries allegedly caused by the negligent design and construction of defendant contractor's pedestrian walkway at a construction site, granted defendant's posttrial motion for judgment setting aside, as a matter of law, a verdict finding it 25% responsible for plaintiff's injuries, unanimously affirmed, without costs.

No valid line of reasoning can support a finding that defendant's walkway in any manner contributed to the accident (*see, Misel v N.F.C. Cab Corp.*, 277 AD2d 83). According to plaintiff, the walkway should have, but did not, channel pedestrian flow back to the sidewalk through an extension of the barrier in the area where plaintiff was hit up to the sidewalk.

However, according to plaintiff's own testimony, the accident occurred after he had exited the walkway and taken four or five steps towards the sidewalk. He was not channeled away from the sidewalk or toward oncoming traffic, and oncoming traffic was not channeled into the flow of pedestrians. Nor is there any evidence of any code violations or permit requirements. Upon this record, the sole cause of the accident was defendant driver's loss of control of his vehicle. Concur—Williams, P.J., Tom, Mazzarelli, Andrias and Friedman, JJ.