■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, as Subrogee of THOMAS LAMPO, SR., Appellant, v BALTZ CONCRETE CONSTRUCTION, INC., et al., Respondents. [815 NYS2d 203]—

In a subrogation action to recover insurance benefits paid to the plaintiff's insured, the plaintiff appeals from an order of the Supreme Court, Queens County (Rosengarten, J.), dated February 17, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

We agree with the plaintiff's contention that the no-fault provisions of the Insurance Law (*see* Insurance Law § 5102 [a], [b]; § 5103 [a]) do not bar it from seeking recovery of benefits it paid to its insured for "extended economic loss" pursuant to an "additional personal injury protection" endorsement (*Allstate Ins. Co. v Stein*, 1 NY3d 416, 417 [2004]; *see Allstate Ins. Co. v Mazzola*, 175 F3d 255 [2d Cir 1999]). However, the defendants established their entitlement to judgment as a matter of law by submitting evidence that the plaintiff's subrogor unsuccessfully sought to recover damages for his extended economic loss from them in a prior action, which culminated in a jury verdict in their favor. An insurance company which has paid additional personal injury protection benefits for extended economic loss has a traditional equitable right of subrogation, and thus acquires only the rights that its subrogor had, with no enlargement or diminution (*see Allstate Ins. Co. v Stein, supra*). Since the plaintiff's subrogor unsuccessfully sought to recover damages for extended economic loss in a prior action, the jury verdict in that action is entitled to preclusive effect on the issue of the plaintiff's entitlement to recoup the benefits it paid to its subrogor for extended economic loss. Accordingly, the motion for summary judgment dismissing the complaint was properly granted. Schmidt, J.P., Krausman, Luciano and Covello, JJ., concur.