Sweeny, J.P., DeGrasse, Manzanet-Daniels, Feinman and Gische, JJ.

■ Pramer S.C.A., Respondent-Appellant, v Abaplus International Corporation, Appellant-Respondent. [998 NYS2d 348]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered May 9, 2013, after a jury verdict, finding against defendant on plaintiff's breach of contract claim, and dismissing plaintiff's claims of fraud, unanimously affirmed, without costs.

In answering "yes" to the yes or no question sent out by the jury during deliberations, the trial court responded meaningfully to the jury question (see People v Malloy, 55 NY2d 296, 301 [1982], cert denied 459 US 847 [1982]). The court's charges on breach of contract and interested witness as to plaintiff's principal were not prejudicial, nor was the language of the jury verdict sheet "suggestive" (compare Leonard v Davenport & Sons, 44 AD2d 781, 782 [1st Dept 1974]). Further, since none of the defendant's employees were actors in the transactions at issue, or had a motive to shield themselves from blame, the court's charge, which generally followed that of PJI 1:92, was appropriate. It was also proper for the trial court to find plaintiff's explanation concerning missing documents insufficient to avoid that charge as a matter of law, and instead put the question to the jury (see e.g. Gogos v Modell's Sporting Goods, Inc., 87 AD3d 248, 254-255 [1st Dept 2011]).

Finally, "a trial court has broad authority to control the courtroom, rule on the admission of evidence, elicit and clarify testimony, expedite the proceedings and to admonish counsel and witnesses when necessary" (Campbell v Rogers & Wells, 218 AD2d 576, 579 [1995]), and the record contains no evidence of bias, or any other action on the part of the court that deprived plaintiff of a fair trial. Concur—Sweeny, J.P., DeGrasse, Manzanet-Daniels, Feinman and Gische, JJ.

■ The People of the State of New York, Respondent, v Carlos Melo, Appellant. [997 NYS2d 96]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Carol Berkman, J.), rendered on or about August 17, 2011, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—

Sweeny, J.P., DeGrasse, Manzanet-Daniels, Feinman and Gische, JJ.