■ OVERSEA CHINESE MISSION, Appellant, v WELL-COME HOLDINGS, INC., et al., Respondents. OVERSEA CHINESE MISSION, Respondent, and GUIDE ONE INSURANCE COMPANY, Nonparty Intervenor-Respondent, v WELL-COME HOLDINGS, INC., et al., Appellants, et al., Defendant. [42 NYS3d 818]—

Order, Supreme Court, New York County (Debra A. James, J.), entered on or about December 12, 2014, which, to the extent appealed from as limited by the briefs, denied plaintiff Oversea Chinese Mission's (OCM) motion for a new trial on damages, and order, same court and Justice, entered June 24, 2015, which, to the extent appealed from as limited by the briefs, granted nonparty Guide One Insurance Company's (Guide One) motion to intervene as a plaintiff, unanimously affirmed, without costs.

OCM's contentions on its appeal are unavailing. The record on appeal is clear that no agreement to prosecute the action on behalf of the insured (OCM) and the insurer (Guide One) was ever produced in discovery; thus, OCM's reliance on CPLR 1004 is unavailing. Nor was any prejudice suffered due to the court's grant of a collateral source hearing pursuant to CPLR 4545, as the parties stipulated that OCM was entitled to out-of-pocket expenses of $85,726 from the $1,150,000 jury award, with prejudgment interest from January 1, 2005, and the jury award would have preclusive effect on any subrogation action by the insurer (see State Farm Mut. Auto. Ins. Co. v Baltz Concrete Constr., Inc., 29 AD3d 777, 778 [2d Dept 2006], citing Allstate Ins. Co. v Stein, 1 NY3d 416, 417 [2004]).

Despite repeated discovery requests from 2004 through 2009, it was not until 2012 that, for the first time, OCM produced documents of repairs actually made in 2007; therefore the court providently precluded OCM from offering such evidence at trial (see Siegman v Rosen, 270 AD2d 14, 15 [1st Dept 2000], citing CPLR 3126). Further, "willfulness can be inferred when a party repeatedly fails to respond to discovery demands and/or to comply with discovery orders, coupled with inadequate excuses for those defaults," such as here (id.).

"[A] trial court has broad authority to control the courtroom, rule on the admission of evidence, elicit and clarify testimony, expedite the proceedings and to admonish counsel and witnesses when necessary" (Pramer S.C.A. v Abaplus Intl. Corp., 123 AD3d 474, 474 [1st Dept 2014]), and the court here did not abuse its discretion in determining that cross-examination and introduction of the construction contract did not "open the door" for evidence concerning actual repairs, which was subject to the preclusion order.

Further, the court providently denied OCM's motion to preclude expert Weinstein's testimony. Although "involuntary expert opinion testimony may not ordinarily be compelled" (Metropolitan N.Y. Coordinating Council on Jewish Poverty v FGP Bush Term., 1 AD3d 168, 168 [1st Dept 2003]), the testimony of Weinstein, originally disclosed by a severed third-party defendant, was voluntary, and OCM's challenge to the sufficiency of the disclosure was untimely (see Clark v Weber, 264 AD2d 569, 570 [1st Dept 1999]). OCM could not establish prejudice, because until eight days prior to trial, Weinstein was potentially going to testify. The court also properly exercised its discretion when it admitted Weinstein's repair estimates, which were not cumulative to other estimates.

Defendants' challenge to Guide One's motion to intervene is

unavailing, as no proposed pleading is required under CPLR 1012 and 1013, and, even if untimely, the claim or defense and the main action have a common question of law or fact (*see McHale v Anthony*, 41 AD3d 265, 266 [1st Dept 2007]). Concur—Acosta, J.P., Renwick, Andrias, Saxe and Gische, JJ.