Louise v Hampton Jitney, Inc. (2021 NY Slip Op 02251)





Louise v Hampton Jitney, Inc.


2021 NY Slip Op 02251


Decided on April 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 13, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Oing, Kennedy, JJ. 


Index No. 153839/16 Appeal No. 13588N Case No. 2020-01736 

[*1]Tina Louise, Plaintiff-Respondent,
v
Hampton Jitney, Inc., Defendant-Appellant.


Gerber Ciano Kelly Brady LLP, Garden City (Robert W. Berbenich of counsel), for appellant.



Order, Supreme Court, New York County (Adam Silvera, J.), entered February 25, 2020, which granted plaintiff's motion for discovery sanctions to the extent of precluding defendant's expert from testifying at trial or the use of his report, unanimously affirmed, without costs.
"Preclusion of expert evidence on the ground of failure to give timely disclosure, as called for in CPLR 3101(d)(1)(i), is generally unwarranted without a showing that the noncompliance was willful or prejudicial to the party seeking preclusion" (Martin v Triborough Bridge & Tunnel Auth., 73 AD3d 481, 482 [1st Dept 2010]). Here, defendant served its expert notice after the note of issue, but prior to a trial date being set, and thus it was not untimely (see Rivera v New York City Hous. Auth., 177 AD3d 499 [1st Dept 2019]; Haynes v City of New York, 145 AD3d 603 [1st Dept 2016]; Ramsen A. v New York City Hous. Auth., 112 AD3d 439 [1st Dept 2013]). Timeliness, however, is not the issue here. Rather, the issue is that defendant's expert reached his conclusion regarding the alleged accident by relying nearly entirely upon evidence, i.e., data from the bus's recording systems, that had been demanded during discovery and directed to be exchanged in several court orders, the existence of which defendant had denied. Defendant did not attempt to clarify its initial response, advise the motion court or plaintiff when it obtained the material, or explain why it did not update plaintiff's counsel immediately upon its receipt (see Oversea Chinese Mission v Well-Come Holdings, Inc., 145 AD3d 634 [1st Dept 2016]). Under such circumstances, the motion court was well within its discretion to preclude the material, and by extension, the expert and his report. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 13, 2021