■ In the Matter of MARK EBERHART et al., Petitioners, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—Determination of the respondent, Benjamin Ward, as Police Commissioner, dated November 21, 1988, which found that the petitioners failed to conduct a proper investigation following a reported disturbance, and dismissed petitioners as New York City police officers, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78, transferred to this court by order of the Supreme Court (Fingerhood, J.), entered June 21, 1989, is dismissed without costs or disbursements.

On December 23, 1986, the petitioners responded to a disturbance at 1082 Gerard Avenue. The building's superintendent and two tenants were in the hallway. The petitioners, the tenants, and the superintendent proceeded to apartment 4C where the disturbance was taking place. Upon entering the apartment, they met an unidentified male. The petitioners allowed the unidentified male to leave.

A search of the apartment produced drugs and an unaccounted amount of money. The petitioners permitted the tenants and the superintendent to take some money. The petitioners also pocketed money found in the apartment. After a hearing, the Commissioner dismissed the petitioners. The petitioners contend that the determination was not supported by substantial evidence, that the Hearing Officer did not allow re-cross-examination of the superintendent, and that the penalty imposed was excessive. After reviewing the record, we find no merit in the petitioners' contentions.

The scope of judicial review of an administrative determination is limited to a consideration of whether the determination is supported by substantial evidence. *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181.) Here, the witnesses testified that the petitioners permitted them to take money from apartment 4C. Moreover, the peti-

tioners allowed an unidentified male to leave the apartment before first ascertaining whether he was involved in the disturbance.

The Hearing Officer did not err in limiting the petitioners' re-cross-examination to facts produced on redirect, since "inquiry as of right is limited to new matters brought out on the preceding examination" *(People v Bethune,* 105 AD2d 262, 269). Finally, we find the penalty imposed not to be excessive in light of the evidence produced at hearing. *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 237.) Concur—Ross, J. P., Carro, Kassal, Ellerin and Rubin, JJ.