■ JERRY L. HOWE et al., Appellants, v WILLIAM E. WILKINSON, Respondent. [713 NYS2d 573] —Graffeo, J. Appeal from a judgment of the Supreme Court (Relihan, Jr., J.), entered September 17, 1999 in Tioga County, upon a verdict rendered in favor of defendant.

Plaintiff Myrtle E. Howe (hereinafter plaintiff) and her husband, derivatively, commenced this action to recover for injuries allegedly sustained in a rear-end collision on November 24, 1995 while waiting to make a left-hand turn. Following a jury trial, a verdict was rendered in favor of defendant on the ground that plaintiff did not suffer a serious injury as defined by Insurance Law § 5102 (d). Plaintiffs appeal, contending that the verdict was against the weight of the evidence. We disagree and, accordingly, affirm.

It is well settled that "[a] verdict in favor of a defendant, particularly in the context of a negligence action, will only be set aside as against the weight of the evidence if it can be shown that a preponderance of the proof presented at trial so strongly favored the plaintiff's case 'that a contrary verdict could not have been reached upon any fair interpretation of that evidence'" (*Savage v Snell*, 257 AD2d 794, quoting *Maisonet v Kelly*, 228 AD2d 780, 781). If there is credible evidence sufficient to support the jury's interpretation, it will be afforded great deference and will not be disturbed even if there is evidence in the record to support a contrary conclusion (*see, Monahan v Devaul*, 271 AD2d 895, 895-896).

Here, although there is no dispute that plaintiff sustained an injury to her right shoulder, there was conflicting medical evidence as to the competent producing cause of such injury. Farouq Al-Khalidi, an orthopedic surgeon who examined plaintiff on behalf of defendant, opined that plaintiff's right shoulder injury was not causally related to the accident but, rather, was the result of a preexisting degenerative condition. In addition to finding no objective evidence that plaintiff was impaired by the accident, Al-Khalidi also noted that plaintiff's treating physician did not document any complaints of pain regarding her right shoulder until January 1998. Although plaintiff's treating physician offered contrary testimony, it is

for the jury to weigh the conflicting medical evidence and credit the opinion of one expert over that of another (*see, Rivera v Majuk*, 263 AD2d 841; *Moxley v Givens*, 255 AD2d 632). In addition to the medical evidence, defendant testified that he was traveling at approximately five miles an hour at the time of impact and not 30 to 35 miles per hour as reported to plaintiff's physician by her husband. In view of the foregoing, we conclude that the verdict was predicated upon a fair interpretation of the evidence and, consequently, it will not be disturbed (*see, Rosabella v Fanelli*, 225 AD2d 1007, 1008).

Cardona, P. J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.