■ FRANK COCCA, JR., et al., Appellants, v ROBERT A. CONWAY et al., Respondents. [725 NYS2d 125] —Peters, J. Appeal from a judgment and order of the Supreme Court (Ferradino, J.), entered July 12, 1999 in Albany County, upon a verdict rendered in favor of defendants.

Plaintiff Frank Cocca, Jr. (hereinafter plaintiff) and his wife, derivatively, commenced this action to recover for injuries allegedly sustained from a vehicular accident that occurred on May 15, 1996 when defendant Robert A. Conway, operating a station wagon towing a trailer, made a right turn into the right rear passenger side of plaintiff's minivan. Through disclosure, Conway identified two accident reconstructionists that he expected to call at trial—Albert Cipriani, a mechanical engineer, and Michael Woodhouse, a biomechanical engineer. In response to plaintiffs' objections, defendants provided additional details through supplemental expert witness responses. Plaintiffs thereafter unsuccessfully moved, *in limine*, to preclude defendants from offering their testimony by alleging noncompliance with CPLR 3101 (d) (1) (i). Following a jury trial, a verdict was rendered in favor of defendants with a finding that their negligence was not a substantial factor in causing plaintiff's injuries. Plaintiffs appeal.

The first challenge is to the denial of plaintiffs' motion *in limine* which sought to preclude the testimony of both Cipriani and Woodhouse. CPLR 3101 (d) (1) (i) requires each party to "disclose in reasonable detail the subject matter on which each expert is expected to testify * * * the qualifications of each expert witness and a summary of the grounds for each expert's opinion."

As to Cipriani, defendants disclosed, *inter alia*, "that * * * Cipriani will testify that the average rearward acceleration and the average lateral acceleration of the plaintiff's vehicle were minimal and that the anatomical forces resulting from an impact at the plaintiff's computed accelerations are noninjurious, [and] are well within the range of normal human physiological tolerance." Based upon his calculations, Cipriani was expected to opine "that the injuries alleged by the plaintiff are not causally related to the motor vehicle accident" and that "the * * * medical records do not provide any clinical or biomechanical evidence" which would support a finding that his injuries were caused by the motor vehicle accident. Documents relied upon by Cipriani in formulating his opinion included the police accident report, photographs, appraisal reports of the ve-

hicle, deposition transcripts and "studies well known in the industry." In a supplemental response, specific computations concerning the acceleration of the vehicles, their point of impact, the forces exerted upon plaintiff as a result of the impact and the effect that such impact would have on the human body were provided.

A similar disclosure was made with respect to Woodhouse. Based upon his biomechanical analysis and accident reconstruction, he was expected to testify that plaintiff's description of the accident was not supported by the proof and "that the impact between the vehicles did not have enough force to cause the injuries claimed by the plaintiff." Such disclosure also advised that Woodhouse's testimony would mirror that of Cipriani, he would adopt the calculations reached by Cipriani with respect to the amount of force and Woodhouse's opinions would be predicated upon his review of the same documents used by Cipriani, including "documents which an accident reconstructionist customarily relies [on] in formulating the above referenced opinions." It finally detailed that he would testify as to tolerance, limits of movement or flexion and cervical extension and how they would be effected by various forces, including those which plaintiff experienced. The supplemental response provided additional detail.

In our view, these disclosures reflect full statutory compliance, sufficiently detailing the theory that defendants expected to and ultimately did advance at trial, along with the grounds for each expert's opinion (*see, Law v Moskowitz*, 279 AD2d 844, 846). Accordingly, we find no abuse of discretion in the denial of plaintiffs' motion (*see, id.*).

As to the claim that the basis for their testimony was unreliable, not generally accepted in the scientific community or that a *Frye* hearing should have first been conducted to determine reliability (*see, Frye v United States*, 293 F 1013), plaintiffs' failure to timely object thereto precludes further review (*see, People v Angelo*, 88 NY2d 217, 222; *People v Roraback [Reed]*, 242 AD2d 400, 405, *lvs denied* 91 NY2d 878, 879).

Assessing plaintiffs' challenge to the verdict as against the weight of the evidence, it remains inviolable on this basis unless it can be demonstrated that " ' "the evidence so preponderate[d] in favor of the [plaintiffs] that [the verdict] could not have been reached on any fair interpretation of the evidence" ' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746, quoting *Moffatt v Moffatt*, 86 AD2d 864, *affd* 62 NY2d 875). In fact, even if record evidence could support a contrary conclusion, the verdict will be accorded deference if credible evidence exists to support

its interpretation (*see, Howe v Wilkinson*, 275 AD2d 876; *Jaquay v Avery*, 244 AD2d 730, 731).

It is undisputed that the MRI ordered after the accident revealed that plaintiff suffered from a herniated disc at C6-C7 with impingement on a nerve root. Through the testimony of both Eric Schnakenberg, his family physician, and Alan Carl, an orthopedic surgeon, credible medical evidence supported a finding that the accident caused the herniation or exacerbated or made symptomatic a previously asymptomatic condition. In response, defendants proffered the testimony of Jon Toussaint, an orthopedic surgeon, and Christopher Calder, a neurologist. After a review of plaintiff's medical records, Toussaint detailed that plaintiff suffered from supraspinatus tendinitis in his left shoulder, a condition that was diagnosed in February 1980, he sustained an injury to his left shoulder in July 1981 and had complained of shoulder pain in October 1981, which resulted in a diagnosis of probable degenerative disc disease of his neck and lumbosacral spine. Plaintiff's May 1983 medical records reported a slight tingling down his left arm and tenderness over the left side of his neck; numbness in both arms and in his left axillary was reported in July 1990, left shoulder pain in January 1991, neck stiffness in October 1993 and physical therapy for his left shoulder in November 1993. With these records revealing that plaintiff had experienced many of the problems that he now sought to attribute to the motor vehicle accident in question, Toussaint opined that the instant accident did not cause plaintiff's shoulder injury; he could not opine as to whether or not the accident aggravated plaintiff's preexisting conditions. Calder, however, was more definitive. He testified that the herniated disc was not caused by the accident and it was not a previously asymptomatic condition that was made symptomatic by this incident.

From this testimony, as well as that elicited from both Cipriani and Woodhouse regarding the likely physical effects of the impact upon plaintiff, we find that upon a fair interpretation of the evidence, the jury could have well concluded that injuries alleged to be sustained by plaintiff from this accident were preexisting and that the accident did not make a preexisting asymptomatic condition symptomatic. As a conflict in medical proof distills to a question of credibility for the jury to resolve (*see, Howe v Wilkinson*, 275 AD2d 876, 876-877, *supra*), we find sufficient credible evidence to support its determination.

Left to address Supreme Court's ruling which permitted plaintiff's substitute employee to testify to the duties that he was required to assume as a result of plaintiff's injuries but

not as to the payments he received from plaintiff as his employer, we find the error, if any, harmless since "[r]eversal is required only when the excluded matter would have had a substantial influence in bringing about a different verdict" (*Khan v Galvin*, 206 AD2d 776, 777, citing *Dizak v State of New York*, 124 AD2d 329, 330; *see*, CPLR 2002).

We have reviewed and find without merit plaintiffs' remaining contentions.

Crew III, J. P., Spain and Lahtinen, JJ., concur. Ordered that the judgment and order is affirmed, with costs.