RANDALL E. FISHER, Appellant, v ELLSWORTH R. JACKSTADT, Respondent. [738 NYS2d 707] —Carpinello, J. Appeals (1) from a judgment of the Supreme Court (Dawson, J.), entered September 5, 2000 in Essex County, upon a verdict rendered in favor of defendant, and (2) from an order of said court, entered December 4, 2000 in Essex County, which denied plaintiff's motion to set aside the verdict.

This appeal follows a trial involving a two-car accident where testimony established that defendant pulled out in front of plaintiff's pickup truck while the two were traveling at speeds of less than 10 miles per hour. The jury ultimately determined that defendant was negligent but that his negligence was not a substantial factor in causing plaintiff's claimed injury, a torn rotator cuff. The sole issue on appeal is whether this aspect of the verdict is against the weight of the evidence. Upon our review of the expert witness testimony and the medical records introduced at trial, we conclude that Supreme Court did not err in denying plaintiff's motion to set aside the verdict.

This precise issue of whether the parties' October 7, 1995 motor vehicle accident caused plaintiff's left rotator cuff injury was ardently disputed at trial, with each side presenting conflicting medical opinions to support their respective positions. Plaintiff's expert witness, who did not begin treating plaintiff until September 23, 1996, opined that plaintiff suf-

fered from a full thickness tear to the rotator cuff caused by the accident. Defendant's expert witness originally agreed that the accident caused plaintiff's left shoulder injury, but after a review of plaintiff's *entire* medical history, namely chiropractic notes reflecting complaints of left shoulder pain predating the accident, he was ultimately unable to opine within a reasonable degree of medical certainty that plaintiff sustained the injury as a result of the accident. In his opinion, it was unlikely that a person would tear his or her rotator cuff in an accident involving vehicles traveling at such low speeds. He specifically opined that it was more likely that plaintiff injured his left rotator cuff in the course of his farming and excavation work than in the course of the parties' low speed accident.

On appeal, plaintiff makes much of the fact that defendant's expert changed his opinion, contending that his original opinion was correct, that his final conclusion was not supported by facts in the record and thus the jury's verdict was against the weight of the evidence. We disagree. There are approximately seven notations in plaintiff's medical records between May 19, 1992 and June 30, 1995 which reveal that he reported problems with his left shoulder to his treating chiropractor, all prior to the accident. Defendant's expert did not possess these records when he rendered his original opinion nor did plaintiff mention this aspect of his medical history during his independent medical examination. While plaintiff attempts to downplay these notations and steadfastly maintains that he never injured his left shoulder prior to the accident, this was an issue of fact that fell squarely within the province of the jury. In any event, additional evidence was presented at trial that could have reasonably contributed to the jury's verdict.

The record reveals that plaintiff made no complaints of left shoulder pain (or even mentioned the accident itself) to his treating chiropractor during appointments shortly after the accident (i.e., on October 11, 1995 and October 16, 1995). According to defendant's expert, if plaintiff had indeed sustained an injury to his left rotator cuff in the accident, he would have expected plaintiff to have more pain, stiffness, loss of motion and weakness shortly thereafter. This expert would not have expected plaintiff to engage in farm work, as plaintiff reportedly did on October 13, 1995, had he experienced an acute tear to his rotator cuff on October 7, 1995. Notably, this opinion was somewhat confirmed by plaintiff's expert witness, who testified that the specific injury suffered by plaintiff—a full thickness tear to the rotator cuff caused by *trauma*—is painful, and who acknowledged that plaintiff never reported left shoulder pain to his chiropractor shortly after the accident.

Furthermore, the first time plaintiff reported any problems with his left shoulder following the accident was to his then treating orthopedic surgeon on October 17, 1995 (i.e., a different physician than plaintiff's expert witness). Notes in the record from this appointment reveal that plaintiff suffered from a "mild" strain of the anterior shoulder at this time and that this treating physician did not feel that there was "a significant injury to the rotator cuff." An X ray taken on this day suggested findings of "calcific tendonitis of the left shoulder joint" and, by late November 1995, plaintiff's pain was reportedly only "mild-to-moderate." Moreover, while plaintiff continued to complain of pain in his left shoulder to this physician, notations in his medical records reveal that plaintiff was still active in his farming chores and that this treating physician believed, as of August 9, 1996, that it was simply an "irritation of the biceps tendon." Nevertheless, the physician ordered an MRI of the shoulder which, according to him, did "not show a rotator cuff tear." Notably, this treating physician was never called as a witness by plaintiff, and defendant successfully obtained a missing witness charge concerning this failure.*

Fundamentally, "[a] verdict rendered in favor of a defendant may be successfully challenged as against the weight of the evidence only when the evidence so preponderated in favor of the plaintiff that it could not have been reached on any fair interpretation of the evidence" (*Jaquay v Avery*, 244 AD2d 730, 730-731; *accord, Lolik v Big V Supermarkets*, 86 NY2d 744, 746), a situation not applicable here. Moreover, even if the evidence at trial "could support a contrary conclusion, the verdict will be accorded deference if credible evidence exists to support [the jury's] interpretation" (*Cocca v Conway*, 283 AD2d 787, 788-789, *lv denied* 96 NY2d 721). With these concepts in mind, and further noting that this case involved a conflict in evidence that the jury was obligated to assess (*see, Jaquay v Avery, supra; D'Angelo v Bryk*, 205 AD2d 935), we find that the verdict was based upon a fair interpretation of the evidence and decline to disturb it.

---

* This charge permitted the jury, in its discretion, to disregard plaintiff's explanation for not calling this treating physician (i.e., that this doctor simply misdiagnosed plaintiff's condition) and to conclude that his testimony would not support plaintiff's position on whether he suffered an injury in the accident. Supreme Court further charged that the jury could, in its discretion, "draw the strongest inference against * * * [p]laintiff on that question that opposing evidence permits" (*see,* 1A NY PJI 1:75, at 98 [3d ed 2001]). Notably, as plaintiff failed, in his main brief on appeal, to take issue with Supreme Court's decision to give this charge, instead raising the propriety of same for the first time in a reply brief, the ruling is unassailable (*see, Fishman v Beach*, 237 AD2d 705, 706).

Cardona, P.J., Mercure, Peters and Rose, JJ., concur. Ordered that the judgment and order are affirmed, with costs.