■ AMERICAN PROPERTY CONSULTANTS, LTD., Respondent, v ZAMIAS SERVICES, INC., et al., Appellants. [741 NYS2d 852] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), entered January 31, 2001, which, upon a jury verdict, awarded plaintiff the total amount of $11,317,886.02 against defendants, jointly and severally, unanimously affirmed, without costs.

Defendants failed to preserve for appellate review their contentions with respect to the trial judge's conduct (*see, Camperlengo v Lenox Hill Hosp.*, 239 AD2d 150), and we decline to reach them. Were we to review these claims, we would find that, even though some comments by the trial court may have been intemperate, defendants were not deprived of a fair trial.

Defendants did object to the exclusion of two items of testimony from their witness Donald A. Borkland. While the first item was not hearsay and should not have been excluded as such, the error was harmless, in view of the strength of the evidence supporting the jury's unanimous finding that the parties did not orally modify their fee agreement. We have considered defendants' arguments with respect to the second item of excluded testimony and find that they do not warrant reversal.

Defendants' request for a contra proferentem charge was properly denied since, although plaintiff prepared the first draft of the subject fee agreement, defendants negotiated significant changes to it and had counsel available to review the agreement for them. As for the trial court's refusal to instruct the jury on oral modification in the manner requested by defendants, defendants failed to preserve their claim for appellate review (*see,* CPLR 4110-b, 5501 [a] [3]), and we decline to reach the matter. In any event, were we to review this claim, we would find that the requested charge, i.e., that an oral modification of a contract is as valid as a written modification, was unnecessary.

The evidence, fairly considered, permitted the finding of liability as against defendant Zamias Services, Inc. and the various partnership defendants in their respective capacities as "affiliates" of defendant George D. Zamias Developer (GDZD). Also proper was the finding of liability against individual defendant George D. Zamias, the sole proprietor of defendant GDZD, which entity was obligated under the June fee agreement. Defendants' argument that George Zamias should not be held liable because he received no benefit from plaintiff's activities is unavailing inasmuch as, pursuant to the fee agreement, liability for payment of plaintiff's fee is not limited to parties benefitting from the funding found by plaintiff.

We have considered defendants' arguments as to Damian G. Zamias' liability and find them unavailing. Concur—Nardelli, J.P., Tom, Buckley, Rosenberger and Ellerin, JJ.