JAMES FALLON et al., Appellants, v ERIC ESPOSITO et al., Respondents. [826 NYS2d 802]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered September 16, 2005 in Ulster County, upon a verdict rendered in favor of defendants.

Plaintiff James Fallon (hereinafter plaintiff) was operating a sport utility vehicle in the City of Kingston, Ulster County, when he reportedly made a sudden stop and was struck in the rear by a sport utility vehicle owned by defendant John Mc-

Cauley and operated by defendant Eric Esposito (hereinafter defendant). Plaintiff and his wife, derivatively, commenced this action asserting that plaintiff sustained certain injuries in the accident that qualified as serious injuries under Insurance Law § 5102 (d). Following a trial, the jury determined that plaintiff and defendant were equally responsible for the accident and that plaintiff failed to prove that he suffered a serious injury as a result of the accident. Plaintiffs' motion to set aside the verdict was denied and this appeal ensued.

We consider first plaintiffs' argument that the jury's finding of no serious injury should be set aside as against the weight of the evidence. To prevail on their weight of the evidence argument, plaintiffs must establish that "the proof presented at trial so strongly favored [their] case that a contrary verdict could not have been reached upon any fair interpretation of that evidence" (*Howe v Wilkinson*, 275 AD2d 876, 876 [2000] [internal quotation marks omitted]; *see Fisher v Jackstadt*, 291 AD2d 689, 691 [2002]). It is not enough to show that a different verdict would be reasonable since the jury's "verdict will be accorded deference if credible evidence exists to support its interpretation" (*Cocca v Conway*, 283 AD2d 787, 788-789 [2001], *lv denied* 96 NY2d 721 [2001]; *see Warnke v Warner-Lambert Co.*, 21 AD3d 654, 657 [2005]).

Evidence at trial indicated that this was a low-speed accident in which damage to plaintiff's vehicle was confined to the rear bumper. Plaintiff went home following the accident, but sought medical attention later in the day. At the time of the accident, plaintiff was under medical care for a work-related injury for which he was temporarily out of work. About a month after the accident, he returned to employment and, thereafter, took another job that entailed both a long commute and strenuous labor at the workplace.

Medical proof included an MRI conducted within a month of the accident which revealed a disc bulge at L4-L5 and disc herniations at C5-6 and C6-7. While plaintiffs presented expert testimony tying these conditions to the accident and to physical limitations that plaintiff claimed to be experiencing, defendants provided contrary expert proof. Defendants' expert, neurologist Christopher Calder, testified that, based on his examination of plaintiff and review of plaintiff's medical records including his MRI films, it was his opinion that the bulging and herniated discs were caused by a progressive degenerative condition. He stated that, other than perhaps a minor cervical strain or minor lumbar strain, plaintiff's medical problems were not caused by the accident. As to the atrophy of plaintiff's left arm, Calder

also opined that it was not related to the accident. Faced with conflicting medical evidence, the jury credited defendants' expert (*see Howe v Wilkinson, supra* at 876-877), who provided ample proof that the subject accident did not cause plaintiff to suffer a serious injury. Upon review of the record, we are unpersuaded that the jury's determination should be set aside as against the weight of the evidence. The remaining issues are academic.

Cardona, P.J., Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, with costs.