■ TOBY L. HEILBRUNN, Appellant, v TOWN OF WOODSTOCK, Respondent. [857 NYS2d 278]—

Kavanagh, J. Appeals (1) from an order of the Supreme Court (Ceresia, Jr., J.), entered February 27, 2007 in Ulster County, which denied plaintiff's motion to set aside the verdict, and (2) from a judgment of said court, entered March 1, 2007 in Ulster County, upon a verdict rendered in favor of defendant.

On September 20, 2003, plaintiff attended a film festival at a community center in the Town of Woodstock, Ulster County, which is owned by defendant. While waiting to enter the community center, plaintiff and others were standing on a handicap-accessible ramp and leaning on a wooden railing when the railing broke causing plaintiff to fall to the ground. Plaintiff commenced this action alleging that defendant was negligent by allowing a dangerous and defective condition to exist on the premises which caused her injury. After trial, the jury rendered a verdict in effect finding that defendant was not negligent. Supreme Court (Ceresia, Jr., J.) denied plaintiff's subsequent motion to set aside the verdict as against the weight of the evidence.[1] Plaintiff now appeals and we affirm.[2]

"Giving great deference to a jury's interpretation of evidence, the standard is whether the evidence so preponderates in favor of plaintiff that no fair interpretation of the evidence could lead to the result reached by the jury" (*Braco v OCB Rest. Co.*, 5 AD3d 920, 921 [2004] [citations omitted]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). Here, we cannot conclude that the verdict was against the weight of the credible evidence. On these facts, to establish that defendant was legally responsible for this accident, plaintiff was required to prove that defendant had actual or constructive notice of the alleged defect that caused plaintiff's accident (*see Alig v Parkway Parking of N.Y., Inc.*, 36 AD3d 980, 980 [2007]; *Mokszki v Pratt*, 13 AD3d 709, 710 [2004]). Because there was no evidence that defendant had actual notice of the alleged defective condition, plaintiff, to recover, had to establish by a preponderance of the credible evidence that "the condition was visible and apparent and existed for a sufficient period of time prior to the accident to permit defendant[ ] to discover it and take corrective action" (*Boyko v Limowski*, 223 AD2d 962, 964 [1996]; *see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]).

Here, plaintiff contends that the testimony of its expert—Conrad Hoffman, a professional engineer and land surveyor—established that the railing failed because it contained dry rot

**1.** The trial was held before Justice Bradley. As a result of Justice Bradley's untimely death in November 2006, however, plaintiff's motion was—by consent of the parties—decided by Justice Ceresia and, thereafter, a judgment in defendant's favor was entered.

**2.** To the extent that plaintiff's notice of appeal states that she is appealing from the August 30, 2006 verdict, we note that an appeal cannot lie from a verdict (*see* CPLR 5512 [a]). However, in the interest of justice, we deem this appeal as having been taken from the judgment entered on the verdict (*see* CPLR 5520 [c]; *Soto v Montanez*, 201 AD2d 876, 876 [1994]).

that had to have been present for such a prolonged period of time prior to plaintiff's accident that defendant had to have constructive notice of it, and that, as a result, the jury's finding that defendant was not negligent did not represent a reasonable interpretation of the evidence. However, while Hoffman testified that the bolt connection in the railing failed because of dry rot, he acknowledged that his initial finding was not based on an actual inspection of the wood railing involved in the accident but, rather, on two photographs provided to him by plaintiff's counsel. Moreover, he did not actually inspect the railing until two years after the accident and could not attest to where it had been stored from the time of the accident to the date of his inspection or whether the manner in which the wood had been stored had any effect on its present condition. He also testified that he did not know at the time he prepared his report that plaintiff and two other people were leaning on the railing at the time of plaintiff's accident.

Defendant produced testimony through its building maintenance supervisor that, on the date of plaintiff's accident, he had been in charge of the maintenance of the area in and around the community center, it was inspected daily and it had been found to be consistently in good condition. He noted that the building and the handicap-accessible ramp and its railings are routinely subjected to numerous inspections not only by town officials, but also by representatives of agencies that utilize the facility, including the Ulster County Department of Health. In each instance, the building, the handicap-accessible ramp and its railings were found to be in good condition. Of note, each of plaintiff's witnesses, including plaintiff, testified to using the facility on numerous occasions prior to the accident and none recalled ever seeing anything that would have suggested that the ramp or its railing was in any way defective and not in excellent condition. Given the absence of such evidence, coupled with the proof presented by defendant, we find that there was ample evidence to support the jury's conclusion that defendant was not negligent (see Perry v Wine & Roses, Inc., 40 AD3d 1299, 1300 [2007]; Tel Oil Co. v City of Schenectady, 303 AD2d 868, 872 [2003]).

Nor do we agree that Supreme Court (Bradley, J.) erred by denying plaintiff's request to preclude defendant from using a transcript at trial of plaintiff's testimony taken during a General Municipal Law § 50-h hearing. Plaintiff alleged that defendant failed to comply with CPLR 3116 (a) because it failed to send her a copy of the stenographic transcript of the testimony that she gave at the hearing so that she could review it and

certify it as correct prior to trial. In making this claim, plaintiff does not dispute defendant's contention that, in fact, plaintiff's counsel had a copy of this transcript at least six months prior to trial and, during that time, never raised an objection to the transcript's contents or complained of not receiving it (*see* General Municipal Law § 50-h [3] [transcript shall be furnished to the plaintiff or attorney "upon request"]).

Similarly unavailing is plaintiff's challenge to Supreme Court's jury instructions regarding negligence of a property owner. Contrary to plaintiff's assertion, Supreme Court properly instructed the jury regarding actual and constructive notice and the court's instructions accurately reflect the appropriate charge (*see* PJI 2:91).

Finally, we do not agree that Supreme Court's conduct deprived plaintiff of a fair trial. Plaintiff complains that the court improperly participated in examining witnesses, questioned in open court before the jury the qualifications of one of plaintiff's experts and repeatedly sustained unmade objections during plaintiff's examination of witnesses. Initially, it must be noted that plaintiff failed to properly take exception to the court's conduct and, therefore, failed to adequately preserve this issue for this Court's review (*see American Prop. Consultants v Zamias Servs.*, 294 AD2d 217, 217 [2002], *lv denied* 99 NY2d 504 [2003]; *Camperlengo v Lenox Hill Hosp.*, 239 AD2d 150, 150 [1997]). While the court was undoubtedly actively engaged in all aspects of the trial proceedings, its conduct was not unreasonable nor was it to such a degree as to impart a bias that influenced the jury (*compare Taromina v Presbyterian Hosp. in City of N.Y.*, 242 AD2d 505, 506 [1997]). In fact, the majority of the instances cited by plaintiff when viewed in their proper context reveal nothing more than an evenhanded attempt "towards focusing the proceedings on the relevant issues and clarifying facts material to the case in order to expedite the trial" (*Sheinkerman v 3111 Ocean Parkway Assoc.*, 259 AD2d 480, 480 [1999], *lv dismissed and denied* 93 NY2d 956 [1999]). For example, plaintiff specifically claims that the court improperly instructed the jury that there was no testimony positively identifying the wood presented at trial as that which had been recovered from the scene on the day after the accident. While plaintiff complains that this statement was both inaccurate and misleading, no objection was ever made to it, nor did plaintiff ever request that a clarification be issued (*see American Prop. Consultants v Zamias Servs.*, 294 AD2d at 217). More-

over, a careful reading of the witness's testimony[3] suggests that the statement to the jury was not inaccurate. Under the circumstances, we do not agree that the court's conduct was either improper or prejudicial or that it had an inappropriate impact on the jury's evaluation of the evidence introduced at trial.

Mercure, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order and judgment are affirmed, without costs.

---

3. The witness was asked, "Do you know if it's the exact wood?" and the witness answered, "It appears to be very similar, if not the same, to the wood in the photo and also a photo I have in my archives."