■ Ana Ramona Peralta, Appellant, v Grenadier Realty Corp. et al., Respondents. [923 NYS2d 63]—

Judgment, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered November 23, 2009, upon a jury verdict in favor of defendants, dismissing the complaint in this action for personal injuries sustained when plaintiff slipped on a puddle of water and fell as she descended an interior stairwell in a building owned and managed by defendants, unanimously affirmed, without costs.

Plaintiff was not deprived of her right to a fair trial by the court's refusal to permit her counsel to conduct re-cross-examination of two witnesses. Although it would have been better if the court had allowed at least some re-cross-examination, in this case, it was harmless error. The only possible scope of inquiry for plaintiff's denied re-cross-examination, as would have been limited by the scope of the prior redirect (*see Matter of Eberhart v Ward*, 161 AD2d 396, 397 [1990]), was of questionable probative value and could not have affected the outcome of the trial. While plaintiff was prevented from attempting to discredit the testimony of defendants' porter on the collateral issue of whether liquid spillage or mopping could cause paint flaking, counsel was effectively able to cast doubt on it during

cross-examination of defendants' own expert witness, who testified that mopping would not cause paint flaking. Furthermore, the testimony of defendants' expert, that he did not see water in photographs of the area where plaintiff fell, could be discredited by the jurors themselves upon their review of the photographs during deliberations.

Plaintiff also failed to demonstrate that the court was biased or that other conduct of the court deprived her of a fair trial. The "trial court has broad authority to control the courtroom, rule on the admission of evidence, elicit and clarify testimony, expedite the proceedings and to [sic] admonish counsel and witnesses when necessary" (*Campbell v Rogers & Wells*, 218 AD2d 576, 579 [1995]). In any event, many of the challenged occurrences only bore upon damages, an issue that the jury did not reach (*see Gilbert v Luvin*, 286 AD2d 600, 600 [2001]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Sweeny, Moskowitz, Renwick and Richter, JJ.