SALLIE JACKSON, Appellant, v MONTEFIORE MEDICAL CENTER et al., Respondents. [971 NYS2d 528]—

Judgment, Supreme Court, Bronx County (Kibbie F. Payne, J.), entered June 27, 2012, upon a jury trial as to liability, in

defendants' favor, and bringing up for review an order, same court (Barry Salman, J.), entered on or about December 14, 2011, which granted defendants' motion for a bifurcated trial, unanimously affirmed, without costs. Appeal from the aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Appeal from order, same court (Barry Salman, J.), entered on or about December 14, 2011, which granted defendants' motion to, among other things, quash a subpoena seeking the production of surgical hardware, unanimously dismissed, without costs, as academic.

This action seeks recovery for damages sustained by plaintiff when, while she was standing at a desk at defendant Montefiore Medical Center, defendant Georgette McToy bumped into her, causing her to fall. The court properly found that bifurcation was warranted, as the questions of liability and damages are distinct and severable issues and plaintiff's injuries are not probative in determining how the accident occurred (*see Gogatz v New York City Tr. Auth.*, 288 AD2d 115 [1st Dept 2001]).

The trial court, which is vested with "broad authority to control the courtroom" (*Campbell v Rogers & Wells*, 218 AD2d 576, 579 [1st Dept 1995]), did not commit reversible error in limiting plaintiff's use of leading questions upon direct examination of adverse witnesses. The witnesses had not displayed any hostility or evasiveness and the information sought could have been elicited through nonleading questions (*see Matter of Ostrander v Ostrander*, 280 AD2d 793 [3d Dept 2001]). The court's exercise of control over the timing and manner of the use of deposition testimony for impeachment purposes was within its discretion. Moreover, a review of the record does not "demonstrate that the court was biased or that other conduct of the court deprived [plaintiff] of a fair trial" (*Peralta v Grenadier Realty Corp.*, 84 AD3d 486, 487 [1st Dept 2011]).

Given the foregoing determinations, plaintiff's appeal of the order quashing the subpoena, which relates solely to damages, is rendered academic. In any event, the court properly exercised its discretion in quashing the subpoena duces tecum, as plaintiff failed to seek production of the hardware during discovery (*see Orr v Yun*, 74 AD3d 473 [1st Dept 2010]), production was neither material nor relevant to the action, and plaintiff was free to obtain the hardware from the manufacturer or a medical supplier.

We have considered plaintiff's remaining arguments, including those involving the verdict sheet, judicial notice, and the court's instructions to the jury, and find them unavailing. Concur—Sweeny, J.P., DeGrasse, Manzanet-Daniels and Clark, JJ.