*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 5, 2015                    520201
_____

DAMIR JURIC,
                    Appellant-
                    Respondent,
        v                                    MEMORANDUM AND ORDER

LYNN BERGSTRAESSER,
                    Respondent-
                    Appellant.
_____

Calendar Date:   September 14, 2015

Before:   Egan Jr., J.P., Rose, Devine and Clark, JJ.

_____

        Sussman & Watkins, Goshen (Michael H. Sussman of counsel),
for appellant-respondent.

        Sholes & Miller, LLP, Poughkeepsie (Angela Thompson-Tinsley
of counsel), for respondent-appellant.

_____

Rose, J.

        Cross appeal from a judgment of the Supreme Court (Zwack,
J.), entered February 19, 2014 in Ulster County, upon a verdict
rendered in favor of defendant.

        After relocating from Florida in 2003, plaintiff, his then-
spouse, Michelle Juric, and their infant daughter moved in with
Juric's parents in Ulster County.  Plaintiff's relationship with
Juric's parents was fraught with conflict and ill will, which led
to "nasty arguments" with Juric and Juric's father, caused
plaintiff to become "quite depressed" and eventually prompted him
to move out of the house and into his own apartment.

During this time period, both plaintiff and Juric were patients of defendant, a board-certified family practice physician.  Based on defendant's observations of plaintiff and statements made to her by Juric, defendant developed the belief that plaintiff possibly suffered from a serious, undiagnosed mental illness, and she shared that concern with Juric.  In September 2004, without any warning to plaintiff, Juric left plaintiff and filed for divorce on the ground of cruel and inhuman treatment.  Juric also contacted police, which resulted in plaintiff's arrest on harassment charges and the issuance of two orders of protection against him.  Despite this, Juric allowed plaintiff to have regular, supervised visitation with the child, and plaintiff agreed via stipulation to submit to a psychological evaluation in exchange for the opportunity to have unsupervised visitation, pending the evaluator's assessment.

In October 2004, plaintiff visited a hospital emergency room, during which he complained of frequent vomiting.  After consulting with plaintiff, the treating physician concluded that "[plaintiff] believes that his emotional distress is playing a role in his symptoms."  In December 2004, just after a supervised visit with the child, plaintiff again sought treatment at the same emergency room for chest pains.  On this occasion, defendant, who was the on-call doctor for her practice group, was allegedly notified by the treating physician that plaintiff was acting bizarrely during his visit to the hospital.  The following day, defendant admittedly breached her duty of confidentiality to plaintiff and reported to Juric regarding plaintiff's alleged behavior at the hospital, citing her concern for Juric's safety.  Juric then required that plaintiff's visitation with the child be supervised by a doctor until plaintiff underwent the previously agreed-upon psychological evaluation.  Plaintiff did not see the child again until he underwent the evaluation four months later.

Plaintiff thereafter commenced this action against defendant, alleging, among other things, that her disclosure to Juric resulted in the denial of his visitation with his daughter for several months, causing him significant emotional distress.  Supreme Court (Bradley, J.) initially dismissed plaintiff's complaint for failure to state a cause of action.  On appeal, we reversed and reinstated the complaint to the extent that it

asserted a claim of breach of the confidential patient-physician relationship (44 AD3d 1186, 1188 [2007]). After a jury trial, which resulted in a verdict in favor of defendant, plaintiff again appealed and we reversed the judgment of Supreme Court (Melkonian, J.), ordered a directed verdict in favor of plaintiff on the issue of liability and remitted the matter for a new trial on the issue of damages only (105 AD3d 1301, 1304 [2013]). The subsequent trial also resulted in a verdict in favor of defendant, as the jury found that defendant's breach of confidentiality was not a substantial factor in causing plaintiff's injury. Plaintiff appeals, and defendant cross-appeals from the court's denial of her motion in limine to preclude plaintiff from introducing evidence of punitive damages.

Initially, plaintiff has failed to preserve his argument that the evidence was legally insufficient to sustain the jury's verdict on the question of causation (see Miller v Miller, 68 NY2d 871, 873 [1986]; Kayser v Sattar, 57 AD3d 1245, 1246 [2008]). Turning to plaintiff's contention that the verdict was against the weight of the evidence, he argues that his emotional distress was proximately caused by defendant's decision to notify Juric about his allegedly bizarre behavior during his December 2004 visit to the emergency room, which, in turn, caused Juric to suspend plaintiff's visitation with his daughter for several months. However, the evidence relied upon by defendant presented plaintiff as already experiencing mental and emotional distress long before he arrived at the emergency room that night.

Defendant's evidence included Juric's September 2004 divorce complaint and statement to police, both of which alleged numerous prior instances where plaintiff became deeply depressed, verbally abused and threatened Juric and her parents, and experienced delusional episodes. Indeed, plaintiff admitted that, as early as 2003, his strained living situation with Juric and her parents sparked verbal altercations and caused him to experience feelings of depression. Plaintiff further acknowledged at trial that he was "deeply worried and concerned" when Juric left him, and he became upset when he learned of Juric's allegations and the fact that she had obtained the first of two temporary orders of protection against him. Additionally, the record makes clear that plaintiff believed his emotional

distress regarding Juric's sudden departure was a cause of the symptoms that prompted him to make his earlier, October 2004 visit to the emergency room.

As for the December 2004 emergency room visit, plaintiff testified that it was unremarkable and that he had simply gone there after experiencing chest pains following a distressing supervised visit with his daughter.  While a different verdict may have been reasonable, we think the evidence can be fairly interpreted to support the conclusion that plaintiff's purported injuries arose due to the series of factors and occurrences predating defendant's breach.  Thus, we cannot find that the verdict was against the weight of the evidence (see Fallon v Esposito, 35 AD3d 1067, 1068 [2006]; Cocca v Conway, 283 AD2d 787, 788-789 [2001], lv denied 96 NY2d 721 [2001]).

Plaintiff next argues that, in light of the fact that the events at issue here occurred in 2004 and 2005, Supreme Court committed reversible error by permitting defendant to cross-examine him on his failure to pay child support in 2012 and 2013.  However, nowhere in the record before us does counsel clearly raise a timely objection to the specific testimony with which plaintiff takes issue on appeal.  Accordingly, his argument is unpreserved (see Horton v Smith, 51 NY2d 798, 799 [1980]; Pilon v Pilon, 278 AD2d 760, 760 [2000]; see also CPLR 4017, 5501 [a] [3]).  In any event, even if plaintiff's objection had been properly preserved, we would find any error associated with the admission of such evidence to be harmless, inasmuch as the evidence of plaintiff's failure to pay child support was offered to impeach defendant's testimony regarding his purported damages – i.e., how much plaintiff truly suffered by being deprived of visitation with his daughter – an issue that the jury did not reach (see Peralta v Grenadier Realty Corp., 84 AD3d 486, 487 [2011]; Gilbert v Luvin, 286 AD2d 600, 600 [2001]).

In light of our decision, defendant's cross appeal is academic.

Egan Jr., J.P., Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court