McCarthy, J.P.
Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered May 27, 2015, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be abused and/or neglected.
Respondent is the biological father of Avery KK. (born in 2011), Logan KK. (born in 2012) and Hudson KK. (born in 2014). On January 17, 2013, petitioner commenced this proceeding pursuant to Family Ct Act article 10 alleging that respondent had abused and/or neglected the three subject children after an X ray and a CT scan of Logan’s head revealed that he had sustained skull fractures. Following a fact-finding hearing, Family Court found that respondent had abused and neglected Logan, that he derivatively neglected and derivatively abused Hudson and that he had neglected and derivatively abused Avery. Respondent now appeals, and we affirm.
Initially, respondent contends that Family Court erred in allowing Karyn Patno, a physician, to testify concerning X rays of Logan’s skull fracture that were not admitted into evidence. However, at no point during Patno’s testimony did respondent make a specific objection attempting to limit the scope of Patno’s testimony on this basis. Accordingly, that argument is unpreserved for our review (see Horton v Smith, 51 NY2d 798, 799 [1980]; Juric v Bergstraesser, 133 AD3d 951, 954 [2015]).
Next, Family Court properly found that respondent had abused and neglected Logan. A minor is considered abused when his or her parent or legal guardian “creates or allows to be created a substantial risk of physical injury to such child by *1430 other than accidental means” (Matter of Brayden UU. [Amanda UU.], 116 AD3d 1179, 1180 [2014]; see Matter of Nicholas S. [John T.], 107 AD3d 1307, 1309 [2013], lv denied 22 NY3d 854 [2013]). The burden is on the petitioner to establish, by a preponderance of the evidence, that the respondent abused and neglected the child (see Matter of Tiarra D. [Philip C.], 124 AD3d 973, 974 [2015]; Matter of Joshua QQ., 290 AD2d 842, 843 [2002]). A petitioner establishes a prima facie case of child abuse or neglect when it demonstrates proof of a child’s injuries that “would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the care of such child” (Family Ct Act § 1046 [a] [ii]; see Matter of Philip M., 82 NY2d 238, 243 [1993]; Matter of Ashley RR., 30 AD3d 699, 700 [2006]). Upon such prima facie proof, it is incumbent upon a respondent “to provide a reasonable explanation for the child’s injuries” (Matter of Natalie AA. [Kyle AA.], 130 AD3d 50, 52-53 [2015]; see Matter of Brayden UU. [Amanda UU.], 116 AD3d at 1180).
Here, petitioner presented the expert testimony of Patno, who opined that the complex skull fracture that Logan sustained was most likely caused by nonaccidental trauma based on a number of factors. Patno explained that she relied on the fact that the fracture was complex rather than linear, that neither parent had a plausible explanation for how Logan could have sustained the injury* and that Patno found increased social risk factors in the home, such as incidents of domestic violence. Further evidence introduced permitted the reasonable inference that respondent was Logan’s caretaker at the time the injury occurred. Deferring to Family Court’s explicit determination that Patno’s testimony was credible, we find no reason to disturb the court’s determination that respondent abused and neglected Logan (see Matter of Keara MM. [Naomi MM.], 84 AD3d 1442, 1442-1443 [2011]; Matter of Chaquill R., 55 AD3d 975, 976 [2008], lv denied 11 NY3d 715 [2009]). Moreover, given that this evidence also established “fundamental flaws in . . . respondent’s understanding of the duties of parenthood—flaws that are so profound as to place any child in his . . . care at substantial risk of harm,” we also uphold the findings of derivative neglect and abuse as to the other children (Matter of Brad I. [Brad J.], 117 AD3d 1242, 1243-1244 [2014] [internal quotation marks and citations omitted]; see Matter of Alexander Z. [Melissa Z.], 129 AD3d 1160, *1431 1163 [2015], lv denied 25 NY3d 914 [2015]). Respondent’s remaining arguments have been considered and have been found to be without merit.
Lynch, Devine, Mulvey and Aarons, JJ., concur.
Ordered that the order is affirmed, without costs.

 Patno specifically explained why Logan falling off a garbage can, getting his head hit by a cupboard door and interacting with his siblings were all unlikely to be sufficiently forceful to cause his injuries.