Peters, P.J.
Appeal from a judgment of the Supreme Court (Mott, J.), entered September 9, 2015 in Ulster County, upon a verdict rendered in favor of defendants.
Plaintiffs and defendants were longtime neighbors and close friends. In 1999, defendants allowed plaintiff Raphael Solomon to store various items of personal property in their home. In 2007, Solomon removed at least some of the property from defendants’ home. The following year, Solomon demanded the return of items that he claimed were still in defendants’ possession. After defendants insisted that Solomon had already removed all of plaintiffs’ property from their home, plaintiffs commenced this action sounding in conversion. Following a four-day trial, a jury returned a verdict in favor of defendants. This appeal by plaintiffs ensued.
Plaintiffs contend that Supreme Court’s conduct throughout the trial, particularly that directed toward their attorney, operated to deprive them of a fair trial. Having failed to register an *1321 objection or otherwise take exception to the complained of conduct, plaintiffs have failed to preserve the issue for this Court’s review (see Heilbrunn v Town of Woodstock, 50 AD3d 1377, 1380 [2008]; Camperlengo v Lenox Hill Hosp., 239 AD2d 150, 150 [1997]). In any event, the “trial court has broad authority to control the courtroom, rule on the admission of evidence, elicit and clarify testimony, expedite the proceedings and to admonish counsel and witnesses when necessary” (Campbell v Rogers & Wells, 218 AD2d 576, 579 [1995]; accord Pramer S.C.A. v Abaplus Intl. Corp., 123 AD3d 474, 474 [2014]; Carlson v Porter, 53 AD3d 1129, 1132 [2008], lv denied 11 NY3d 708 [2008]). Here, the remarks and colloquies cited by plaintiffs, “when viewed in their proper context[,] reveal nothing more than an evenhanded attempt ‘towards focusing the proceedings on the relevant issues and clarifying facts material to the case in order to expedite the trial’ ” (Heilbrunn v Town of Woodstock, 50 AD3d at 1380, quoting Sheinkerman v 3111 Ocean Parkway Assoc., 259 AD2d 480, 480 [1999], lv dismissed and denied 93 NY2d 956 [1999]; accord Revell v Guido, 124 AD3d 1006, 1009 [2015]; Tonkin v Lofthouse, 34 AD3d 1309, 1310 [2006]; compare Taromina v Presbyterian Hosp. in City of N.Y., 242 AD2d 505, 506 [1997]).
Plaintiffs’ objections to certain evidentiary rulings made by Supreme Court are to a large extent unpreserved and, in any event, unavailing. Not only have plaintiffs failed to establish that the challenged rulings were in fact erroneous, they have also failed to show that the outcome would have been different had the evidence at issue not been admitted (see CPLR 2002; Parris v New York City Tr. Auth., 140 AD3d 938, 940 [2016]; Simone v McNamara, 59 AD3d 349, 349 [2009]; Barracato v Camp Bauman Buses, 217 AD2d 677, 678 [1995]; Tomanelli v Lizda Realty, 174 AD2d 889, 890 [1991]). Finally, we need not address whether Supreme Court erred in qualifying defendants’ witness as an expert for purposes of offering an opinion as to the value of the personal property at issue, since the jury never reached the issue of damages (see Juric v Bergstraesser, 133 AD3d 951, 954 [2015]; Peralta v Grenadier Realty Corp., 84 AD3d 486, 487 [2011]; Gilbert v Luvin, 286 AD2d 600, 600 [2001]).
McCarthy, Garry, Rose and Aarons, JJ., concur.
Ordered that the judgment is affirmed, with costs.