Maksuta v Heitzman (2018 NY Slip Op 07221)





Maksuta v Heitzman


2018 NY Slip Op 07221


Decided on October 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 25, 2018

526174

[*1]JOHN MAKSUTA, Appellant,
v
DENISE HEITZMAN, Respondent.

Calendar Date: September 11, 2018

Before: Garry, P.J., Clark, Mulvey, Rumsey and Pritzker, JJ.


Basch & Keegan, LLP, Kingston (Derek J. Spada of counsel), for appellant.
McCabe & Mack LLP, Poughkeepsie (Kimberly Hunt Lee of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from a judgment of the Supreme Court (Fisher, J.), entered March 31, 2017 in Ulster County, upon a verdict rendered in favor of defendant.
After a motor vehicle accident that occurred in June 2014, plaintiff commenced this action for negligence. After a trial, the jury found in favor of defendant. Plaintiff appeals, and we affirm.
Plaintiff's sole contention on appeal is that the verdict was against the weight of the evidence. "A verdict will not be overturned on this basis unless the evidence so preponderated in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence" (Minutolo v County of Broome, 130 AD3d 1202, 1203 [2015] [internal quotation marks and citation omitted]; see Killon v Parrotta, 28 NY3d 101, 107 [2016]). "It is not enough to show that a different verdict would be reasonable since the jury's 'verdict will be accorded deference if credible evidence exists to support its interpretation'" (Fallon v Esposito, 35 AD3d 1067, 1068 [2006], quoting Cocca v Conway, 283 AD2d 787, 788-789 [2001], lv denied 96 NY2d 721 [2001]; see Warnke v Warner-Lambert Co., 21 AD3d 654, 657 [2005]).
Here, the only issue on appeal is whether the jury erred in determining that plaintiff did not sustain a serious injury as a result of the accident (see Insurance Law § 5102 [d]). Notably, all of the testimony at trial revealed that the accident, which allegedly caused plaintiff's injury, was relatively minor, a fact that was corroborated by photographs of the two cars involved. Medical doctors testified on behalf of both plaintiff and defendant. Richard Saunders, a medical doctor and orthopedic surgeon who testified on plaintiff's behalf, stated that an electromyogram and an MRI performed shortly after the incident, in September 2014, showed that plaintiff may have had a cyst as a result of a labral tear in his shoulder and a small ruptured disk in his neck. Saunders opined that plaintiff's injuries were a direct result of the accident. To the contrary, defendant's expert, Jessica Berkowitz, a diagnostic radiologist, testified that the cyst and labral tear shown in plaintiff's MRI were there for "many months to years." Berkowitz further testified that the injuries shown in plaintiff's neck were common in men his age. Accordingly, Berkowitz [*2]opined that plaintiff's injuries were not related to the accident. Similarly, Robert Hendler, a board-certified orthopedic surgeon, also provided expert testimony on behalf of defendant. Hendler opined that, given plaintiff's description of the accident, the only thing that happened to plaintiff's shoulder was that it struck the front of his seat, and that notations in plaintiff's medical records that he had full range of motion in his extremities after the accident were indicative of a minor injury. Hendler opined that plaintiff's injuries were not caused by the accident.
Given the competing descriptions of what caused the injuries offered by the experts at trial, it cannot be reasonably argued that such evidence so favored plaintiff that the jury's verdict "'could not have been reached on any fair interpretation of the evidence'" (Killon v Parrotta, 28 NY3d at 107 [2016], quoting Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; compare Blanchard v Chambers, 160 AD3d 1314 [2018]). The jury was duty-bound to weigh the conflicting medical evidence and was free to credit one opinion over the other, which it did, finding that plaintiff did not sustain a serious injury due to the minor automobile accident (see Insurance Law § 5102 [d]; Fallon v Esposito, 35 AD3d at 1068-1069). Therefore, we are unpersuaded that the jury's determination should be set aside as against the weight of the evidence.
Garry, P.J., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, with costs.