Paucay v D.P. Group Gen. Contrs./Devs., Inc. (2020 NY Slip Op 05611)





Paucay v D.P. Group Gen. Contrs./Devs., Inc.


2020 NY Slip Op 05611


Decided on October 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 08, 2020

Before: Renwick, J.P., González, Kennedy, Mendez, JJ. 


Index No. 156347/13 Appeal No. 12011 Case No. 2019-4975 

[*1]German Paucay, Plaintiff-Appellant,
v
D.P. Group General Contractors/Developers, Inc., et al., Defendants-Respondents, MC&O Builders, Inc., Defendant. [And Other Third-Party Actions.]


William Schwitzer & Associates, P.C., New York (D. Allen Zachary of counsel), for appellant.
Kennedys CMK LLP, New York (Michael R. Schneider of counsel), for respondents.



Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered on or about June 5, 2019, which, after a jury verdict awarding plaintiff, inter alia, $75,000 in past pain and suffering and $0 in future pain and suffering, denied plaintiff's motion to set aside the verdict, unanimously modified, on the facts, to grant plaintiff's application to the extent of remanding the matter for a new trial on the issue of future damages only, and otherwise affirmed, without costs.
The jury's verdict as to the award for past pain and suffering did not deviate materially from reasonable compensation under the circumstances (see CPLR 5501[c]; Brandwein v New York City Tr. Auth., 14 AD3d 396 [1st Dept 2005]). Contrary to plaintiff's argument, there was sufficient evidence supporting such a determination.
We find, however, that the court should have set the verdict aside and granted a new trial on the issue of future damages. Plaintiff failed to preserve for appellate review his claim that the verdict was inconsistent because the claim was raised after the jury had been discharged. However, where the jury verdict awards plaintiff damages for past pain and suffering and future medical expenses, but declines to award damages for future pain and suffering, the verdict on future pain and suffering is contrary to a fair interpretation of the evidence and constitutes a material deviation from what would be reasonable compensation (see Nicholas Natoli v City of New York., 180 AD3d 477 [1st Dept 2020] [plaintiff's failure to object to the jury's award of $0 for both past and future pain and suffering as inconsistent with the jury's awards for past and future lost earnings and future medical expenses did not preclude the court from deciding whether the jury's failure to award damages for pain and suffering was contrary to a fair interpretation of the evidence and of what would be reasonable compensation]; Ramos v New York City Hous. Auth., 280 AD2d 325, 326 [1st Dept. 2001] [same]; see also Stanford v Rideway Corp., 161 AD3d 505 [1st Dept 2018] [separately evaluating whether jury's award of $0 for past pain and suffering was against the weight of the evidence and deviated from what would be reasonable compensation even though plaintiff had waived her argument that the jury's verdict was inconsistent]).
It was not error for the court to allow evidence of a subsequent accident, where plaintiff, who made psychological claims in this action, testified, upon being recalled by his own counsel to address the subsequent accident, that that accident caused him "desperation." Even if it were error to allow such evidence in through plaintiff's hospital records, it was harmless in light of the other significant evidence supporting the jury's verdict (see Peralta v Grenadier Realty Corp., 84 AD3d 486 [1st Dept 2011]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2020