Barcia v Costco Wholesale Corp. (2025 NY Slip Op 03378)

Barcia v Costco Wholesale Corp.

2025 NY Slip Op 03378

Decided on June 05, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 05, 2025

Before: Webber, J.P., Kapnick, González, Scarpulla, Michael, JJ. 

Index No. 159881/15|Appeal No. 3855|Case No. 2024-00012|

[*1]Gracie Barcia, Plaintiff-Respondent-Appellant,
v
Costco Wholesale Corporation, et al., Defendants-Appellants-Respondents.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellants-respondents.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for respondent-appellant.

Judgment, Supreme Court, New York County (Lori S. Sattler, J.), entered December 21, 2023, following a jury verdict finding defendants 87% at fault, awarding plaintiff damages, including $250,000 for past pain and suffering, $60,000 for future pain and suffering, and $1,201,996 for future medical expenses, and bringing up for review an order, same court and Justice, entered May 16, 2023, which denied defendants' motion pursuant to CPLR 4403, 4404, and 4405 to set aside the jury's award for future medical expenses and plaintiff's motion to set aside and conditionally increase the jury's award for past and future pain and suffering, unanimously modified, on the facts, to grant defendants' and plaintiff's motions to the extent of remanding the matter for a new trial on the issue of damages only, and otherwise affirmed, without costs.
Plaintiff commenced this personal injury action after a slip and fall at a Costco warehouse on October 20, 2022. Plaintiff alleged that she suffered permanent injuries to her right shoulder, lumbar spine, and cervical spine. She alleged that she underwent decompression surgery on her lumbar spine and subsequently underwent a discectomy and fusion surgery on her cervical spine. During the course of the litigation, but before trial, plaintiff withdrew her lumbar spine claim after it came to light that she had suffered two prior back injuries, for one of which she was receiving Workers' Compensation benefits.
Plaintiff waived her right to challenge the jury's awards for past and future pain and suffering on the grounds of inconsistency because she did not raise that objection before the court discharged the jury (see Barry v Manglass, 55 NY2d 803, 806 [1981]; Stanford v Rideway Corp., 161 AD3d 505, 506 [1st Dept 2018]). The court can nevertheless review whether the award was contrary to a fair interpretation of the evidence and what would be reasonable compensation (see Paucay v D.P. Group Gen. Contrs./Devs., Inc., 187 AD3d 496, 497 [1st Dept 2020]).
As for defendants' evidentiary objections, the motion court providently precluded defendants from questioning plaintiff about her withdrawal of her claim that she injured her lumbar spine in the accident, while not precluding them from asking about plaintiff's prior back injury itself or her inconsistent testimony about it. Although
the economist's chart was cumulative of her testimony (see Segota v Tishman Constr. Corp. of N.Y., 131 AD3d 851, 853 [1st Dept 2015]), any error in admitting the chart was harmless.
Moreover, it was error to allow plaintiff to reopen her case to admit additional medical bills in the amount of $71,000 received after plaintiff rested (see King v Burkowski, 155 AD2d 285, 286 [1st Dept 1989]). Defendants suffered significant prejudice by not being allowed an opportunity to inspect the bills and object on the grounds that they incorporated treatment expenses related to plaintiff's withdrawn lumbar spine claims. The jury awarded plaintiff the full [*2]amount of the bills without deducting those unrelated expenses.
Additionally, testimony of plaintiff's physiatrist confirms that he also improperly conflated plaintiff's cervical spine injuries with her withdrawn lumbar spine injuries in creating the life care plan presented to the jury. Further, some of the future medical needs set forth in the life care plan were speculative, as record evidence showed that plaintiff had discontinued or not received such treatment (see Lopez v City of New York, 192 AD3d 634, 640 [1st Dept 2021]).
We therefore find that the court should have set the verdict aside and granted a new trial on the issue of damages as the evidence was insufficient to support the jury's award.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 5, 2025