■ MARY B. K. STEWART, Appellant, v ROSE WILKINSON et al., Defendants, and ANTHONY DONATO, Respondent.—Main, J. P. Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered December 23, 1985 in Albany County, which granted defendant Anthony Donato's motion to dismiss the complaint against him.

Plaintiff was injured when the vehicle she was driving was involved in a collision with another vehicle, struck two boulders on the side of the highway and overturned. She commenced this action against the driver of the other vehicle, the Town of New Scotland, the County of Albany and Anthony Donato, the owner of the property where her car overturned. With respect to Donato, she alleged that the two boulders were located approximately 8 and 11 feet, respectively, from the shoulder of the road and that Donato was negligent in placing the boulders in that location because they created a dangerous condition for highway travelers. Donato moved to dismiss the complaint against him pursuant to CPLR 3211 (a) (7), and the motion was granted. This appeal ensued.

As always in a negligence action, a plaintiff is required to allege in her complaint facts showing (1) a duty owed to the plaintiff by the defendant, (2) an act or omission by the defendant constituting negligence, and (3) damages (4 Carmody-Wait 2d, NY Prac § 29:344, at 560-561). Ordinarily, a landowner is not liable for an injury to a traveler arising from a collision with an object on the landowner's property; such object must be located within the highway right-of-way in order to impose liability (see, Hayes v Malkan, 26 NY2d 295, 298-299). Thus, in this case there is no duty owed to plaintiff by Donato unless the boulders were located within the highway right-of-way. At no place in the complaint does plaintiff allege that the boulders were located within the right-of-way, and the complaint therefore does not allege a duty owed by Donato to plaintiff. Accordingly, Special Term did not err in dismissing the complaint.

Order affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.