■ BETSOME-SO Co., Plaintiff, v FARID MOGUL et al., Defendants. CAROLYN McMILLAN, Nonparty Appellant; RICHARD GOLDBERG, Nonparty Respondent. [678 NYS2d 387] —In an action to foreclose a mortgage, nonparty Carolyn McMillan appeals from an order of the Supreme Court, Kings County (Golden, J.), dated September 12, 1997, which denied her motion (1) to vacate an order of the same court, entered October 26, 1995, which, *inter alia,* discharged Richard Goldberg as the Receiver of the mortgaged premises, and (2) for leave to sue Richard Goldberg as the Receiver of the mortgaged premises.

Ordered that the order is affirmed, with costs.

Carolyn McMillan, the appellant, alleges that on October 18, 1994, she was injured when she was assaulted by a squatter in the apartment building where she was a tenant. According to McMillan, the building's owner, Farid Mogul, had been notified of the squatter's presence on the premises, but he had negligently done nothing about it. By summons with notice filed January 19, 1995, McMillan commenced an action to recover damages for personal injuries against Mogul, his managing agent, Britvan Realty Associates, and Richard Goldberg, who on January 31, 1992, had been named Receiver of the premises by the court in the instant mortgage foreclosure action. Although in April 1995 McMillan moved for leave to sue the Receiver Goldberg (*cf., Copeland v Salomon,* 56 NY2d 222, 228), on June 8, 1995, that motion was "marked off". At about the same time, McMillan's personal injury action was deemed dismissed pursuant to CPLR 306-b for failure to serve any of the defendants within 120 days of the filing of the summons with notice with the court (*see,* CPLR 306-b).

By order to show cause dated July 21, 1995, Goldberg moved to be discharged as Receiver due to, *inter alia,* lack of cooperation on the part of the owner and the tenants in his efforts to maintain the premises. The court granted his motion by order entered October 26, 1995.

Approximately two years later, McMillan moved pursuant to CPLR 6401 to vacate the order entered October 26, 1995, which relieved Goldberg as Receiver, and, following his reinstatement, for leave to sue Goldberg to recover damages for negligence for the injuries she sustained on October 18, 1994.

The court denied McMillan's motion on September 12, 1997, and the Statute of Limitations ran on her personal injury claims on October 18, 1997 (*cf., Copeland v Salomon,* 56 NY2d 222, *supra*).

McMillan's motion was properly denied. Her motion papers included a copy of the "Verified Complaint of Carolyn McMillan to be filed should this motion be granted". Although the proposed verified complaint named Goldberg as one of the defendants, it charged *only* that the premises *owner*, Farid Mogul, had notice of the dangerous squatter's presence on the property and was negligent in not removing her. Therefore, the proposed verified complaint failed to state a cause of action against Goldberg (*see, e.g., Dima v Breslin Realty,* 240 AD2d 359; *Kuchman v Olympia & York,* 238 AD2d 381; *Stewart v Wilkinson,* 127 AD2d 962). O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.