■ LISETTE CRUZ, Appellant, v CITY OF NEW YORK, Defendant, and MTA BUS COMPANY et al., Respondents. [18 NYS3d 617]—

Judgment, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered June 4, 2014, after a jury trial, in favor of defendants-respondents, unanimously affirmed, without costs.

The trial court properly permitted the testimony of a witness whose identity was not disclosed prior to trial. The witness was called to lay the foundation for the admission of a nonparty witness's statement, and he was not the type of witness whose identity was required to be disclosed during discovery (*see Sheppard v Blitman/Atlas Bldg. Corp.*, 288 AD2d 33, 35 [1st Dept 2001]; *see also* CPLR 3101). The witness's testimony was not hearsay.

The trial court also properly admitted the statement as a prior inconsistent statement. While the nonparty witness, who initially testified that the signature on the statement looked like hers, ultimately denied signing the statement, defendant was permitted to "introduce proof" to the contrary (*see* CPLR 4514; *Larkin v Nassau Elec. R.R. Co.*, 205 NY 267, 270 [1912]). Further, the statement was properly admitted, even though it was not provided in discovery, as there is no indication in the record that production of the statement was sought and refused (*compare Bivona v Trump Mar. Casino Hotel Resort*, 11 AD3d 574, 575 [2d Dept 2004] [noting that the defendants' failure to provide requested information in their possession would preclude them from later offering proof regarding that information at trial]). Nor is there any indication that plaintiff requested a jury charge that the statement was to be considered only for impeachment purposes. Thus, plaintiff failed to preserve her argument that the trial court erred in not giving that charge to the jury (*see Peguero v 601 Realty Corp.*, 58 AD3d 556, 560 [1st Dept 2009]).

Given the foregoing determination, plaintiff's arguments regarding damages testimony is academic. Concur—Gonzalez, P.J., Friedman, Gische and Kapnick, JJ.