Rosen v Mosby (2020 NY Slip Op 01409)





Rosen v Mosby


2020 NY Slip Op 01409


Decided on February 27, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 27, 2020

525203 525204

[*1]Steven Rosen, Appellant,
v
Katherine Mosby, Respondent.

Calendar Date: January 17, 2020

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Colangelo, JJ.


Steven Rosen, New York City, appellant pro se.
Freeman Howard, PC, Hudson (Paul M. Freeman of counsel), for respondent.



Egan Jr., J.
Appeals (1) from an order of the Supreme Court (Mott, J.), entered August 30, 2016 in Columbia County, which, among other things, denied plaintiff's motion to strike the note of issue, (2) from an order of said court, entered January 9, 2017 in Columbia County, which, among other things, denied plaintiff's motion to renew and reargue, (3) from a judgment of said court, entered March 2, 2017 in Columbia County, upon a verdict rendered in favor of defendant, and (4) from an order of said court, entered July 18, 2017 in Columbia County, which denied plaintiff's motion to set aside the verdict.
The facts of this case are familiar to this Court, as they have been the subject of a prior appeal (148 AD3d 1228 [2017], lv dismissed 30 NY3d 1037 [2017]). As relevant here, plaintiff and defendant own adjoining parcels of real property in the Town of Ancram, Columbia County.[FN1] In the spring of 2012, defendant began clearing and grading a portion of her property, as well as installing a nine-foot wooden privacy fence along her property line. In September 2012, plaintiff commenced this action alleging six causes of action stemming from, as relevant here, his claim that defendant and/or her agents trespassed and injured his property.[FN2] Defendant filed a pre-answer motion to dismiss the complaint, which motion Supreme Court (Zwack, J.) denied. Defendant thereafter answered, asserting 12 affirmative defenses and two counterclaims.
By order entered April 2014, Supreme Court denied defendant's motion for an order directing plaintiff to comply with outstanding discovery demands. By order entered August 2014, Supreme Court (Mott, J.) also denied plaintiff's motion for partial summary judgment and granted defendant's cross motion for partial summary judgment, dismissing plaintiff's first four causes of actions. Supreme Court thereafter granted plaintiff leave to amend his complaint on two separate occasions to add an additional eight causes of action alleging negligence, conversion of woody material, cutting and removing trees and timber (see RPAPL 861), tortious surveillance, indemnification, conversion of a signpost, malicious prosecution and declaratory judgment. By order entered January 2015, Supreme Court granted defendant's second motion for partial summary judgment, dismissing plaintiff's causes of action for conversion of a signpost, indemnification and declaratory judgment.[FN3] Supreme Court also dismissed plaintiff's subsequent motion to reargue. Defendant subsequently appealed from the April 2014 order, and plaintiff appealed from the August 2014 and January 2015 orders granting defendant partial summary judgment, as well as the two orders denying his motions for reargument (148 AD3d at 1234). This Court dismissed plaintiff's appeals from the orders denying his motions to reargue and affirmed Supreme Court's three other orders (id.).
Between September 2013 and February 2016, Supreme Court issued a total of five successive scheduling orders, each specifying deadlines for the completion of discovery and filing of a note of issue. The fifth and final scheduling order required plaintiff to complete discovery and file a note of issue by July 8, 2016. Plaintiff failed to file a note of issue by this date and defendant did so on July 13, 2016. Plaintiff moved to strike defendant's note of issue, and Supreme Court denied plaintiff's motion, determining that plaintiff had ample time over the course of three years to complete discovery. By order entered January 9, 2017, Supreme Court denied plaintiff's motion to renew and reargue.[FN4]
A February 2017 trial ensued, during which Supreme Court dismissed plaintiff's injury to property and negligence causes of action for failure to establish a prima facie case. At the conclusion of the trial, the jury returned a verdict for defendant on the four remaining causes of action, and a judgment was entered thereon on March 2, 2017. Plaintiff thereafter moved pursuant to CPLR 4404 to set aside the verdict, which motion Supreme Court denied in July 18, 2017. Plaintiff appeals from the August 2016 order, the January 2017 order, the March 2017 judgment and the July 2017 order.[FN5]
Supreme Court did not abuse its discretion in denying plaintiff's motion to strike the note of issue. "While a note of issue will generally be stricken if the case is not ready for trial, the motion to strike can be denied where the parties had sufficient time to complete discovery" (Kropp v Town of Shandaken, 91 AD3d 1087, 1091-1092 [2012] [internal quotation marks and citation omitted]). Here, plaintiff had approximately three years to complete discovery. Following a February 2016 compliance conference, Supreme Court issued its fifth and final scheduling order, specifically informing plaintiff that this was "absolutely the last extension" that he was going to receive to complete discovery and that, if he failed to file a note of issue by July 8, 2016, his complaint would be subject to dismissal. Despite Supreme Court's admonition, plaintiff failed to complete nonparty depositions, failed to appear for the third day of continuation of defendant's examination before trial and failed to file a note of issue by Supreme Court's July 8, 2016 deadline. Plaintiff's contention that the court failed to assist him in obtaining discovery is meritless. Supreme Court ruled that plaintiff could obtain a copy of certain surveillance footage from defendant's surveillance company at his own cost; however, plaintiff elected not to obtain said footage after defendant timely provided him with the cost estimate for same. Supreme Court also allowed plaintiff to complete depositions for nonparty witnesses by May 31, 2013, despite the fact that plaintiff did not comply with the court-ordered deadline for providing notice; plaintiff thereafter canceled the scheduled depositions and did not seek enforcement of the subpoenas. Given that Supreme Court granted repeated extensions for plaintiff to complete discovery, Supreme Court properly exercised its discretion in denying plaintiff's motion to strike the note of issue (see id. at 1091-1092; Ireland v GEICO Corp., 2 AD3d 917, 917-918 [2003]; Simmons v Kemble, 150 AD2d 986, 987 [1989]).
Supreme Court's evidentiary rulings did not deprive plaintiff of a fair trial. Supreme Court is accorded broad discretion in making evidentiary rulings and, absent an abuse of discretion, its rulings should not be disturbed on appeal (see Mazella v Beals, 27 NY3d 694, 709 [2016]; Orser v Wholesale Fuel Distribs. CT, LLC, 173 AD3d 1519, 1520 [2019], lv denied ___ NY3d ___ [Feb. 13, 2020]). Initially, plaintiff's claims with respect to the testimony of Jessica Quinn are unpreserved for our review, as he failed to raise an objection to her testimony upon the ground that Quinn was not included on a pretrial witness list and subsequently failed to respond to defendant's objection during cross-examination, which limited inquiry into whether she was an employee of defendant (see generally Matter of Davis v Annucci, 140 AD3d 1432, 1433 [2016], appeal dismissed 28 NY3d 1109 [2016]; Matter of Seftel [Commissioner of Labor], 31 AD3d 1011, 1012 [2006]). Supreme Court properly permitted Patricia Brown to testify in connection with plaintiff's malicious prosecution claim, as "nothing in CPLR article 31 requires a party to generate a witness list" prior to trial (Hunter v Tryzbinski, 278 AD2d 844, 844 [2000]) and plaintiff made no demand for discovery with regard to the identity of witnesses following the filing of his amended complaint with respect to said claim (see Cruz v City of New York, 132 AD3d 593, 594 [2015]).[FN6] Supreme Court did not improperly preclude testimony of Timothy Lynch, plaintiff's expert, regarding the value of the purported damages to the shared roadway; plaintiff's expert disclosure failed to provide notice that Lynch would be offering testimony as to the cost of damages, and plaintiff failed to otherwise demonstrate good cause for such delayed expert disclosure (see CPLR 3101 [d] [1] [i]; Lasher v Albany Mem. Hosp., 161 AD3d 1326, 1332 [2018]).[FN7]
Supreme Court did not err in precluding plaintiff's handwritten memorandum with regard to his interactions with Quinn. Plaintiff testified that he readily recalled the details of his conversation with her, thereby precluding admission of the memorandum as a past recollection recorded (see Landsman v Village of Hancock, 296 AD2d 728, 732 [2002], appeal dismissed 99 NY2d 529 [2002]). Supreme Court appropriately permitted defense counsel to read certain portions of defendant's deposition testimony at trial, as it was directly responsive to those portions of defendant's deposition that plaintiff was previously permitted to read into the record (see CPLR 3117 [b]; Powers v Metropolitan Transp. Auth., 289 AD2d 216, 216 [2001]).[FN8] Plaintiff's remaining claims regarding admission of the testimony of Bridget Madigan-Sharp, submission of purportedly prejudicial photographs and the court's issuance of a subpoena for the Chief Assistant District Attorney of Columbia County have been reviewed and found to be without merit.
Supreme Court did not improperly interject itself into the trial, treat plaintiff in a disdainful manner or otherwise exhibit bias so as to deprive him of a fair trial. As relevant here, Supreme Court "has broad authority to control the courtroom, rule on the admission of evidence, elicit and clarify testimony, expedite the proceedings and to admonish counsel and witnesses when necessary" (Grimaldi v Sangi, 177 AD3d 1208, 1212 [2019] [internal quotation marks and citations omitted]; see CPLR 4011). The record establishes that, although Supreme Court interjected on numerous occasions during plaintiff's testimony, contrary to plaintiff's characterization, said interjections demonstrated Supreme Court's "evenhanded attempt towards focusing the proceedings on the relevant issues and clarifying facts material to the case in order to expedite the trial" (Revell v Guido, 124 AD3d 1006, 1009 [2015] [internal quotation marks, brackets and citations omitted]; accord Grimaldi v Sangi, 177 AD3d at 1212; see Solomon v Meyer, 149 AD3d 1320, 1321 [2017]). Supreme Court permitted plaintiff to testify in narrative form over the course of five days, allowed plaintiff to call witnesses out of order and, over defendant's objection, allowed him to reopen his case after he had previously rested to allow him to introduce additional testimonial evidence on damages. Further, the court aptly reprimanded plaintiff — outside of the presence of the jury — for repeatedly arriving late to court and properly admonished both plaintiff and defense counsel when appropriate. Accordingly, we find no abuse of discretion in the manner in which Supreme Court regulated the conduct of the trial.
Finally, Supreme Court properly denied plaintiff's motion to set aside the verdict. The decision to grant or deny a motion to set aside a verdict is committed to the sound discretion of the trial court (see Shelmerdine v Myers, 143 AD3d 1200, 1202 [2016], lv denied 29 NY3d 920 [2017]). We find no error in Supreme Court's determination dismissing plaintiff's negligence cause of action for failing to establish a prima facie case as to damages (see Stewart v Wilkinson, 127 AD2d 962, 962 [1987]). With regard to plaintiff's challenge to the jury instruction and verdict sheet, other than his conclusory assertion that Supreme Court "gave faulty charges to the jury" and that the verdict sheet was "erroneous," he has not articulated any specific — let alone significant — error in Supreme Court's jury instructions or verdict sheet that would entitle him to the relief requested. Moreover, given our holding with respect to plaintiff's various evidentiary challenges, we do not find that Supreme Court abused its discretion in denying plaintiff's motion. Defendant's remaining contentions, to the extent not specifically addressed, have been reviewed and found to be without merit.
Garry, P.J., Clark, Mulvey and Colangelo, JJ., concur.
ORDERED that the appeals from the orders entered August 30, 2016 and January 9, 2017 are dismissed.
ORDERED that the judgment and the order entered July 18, 2017 are affirmed, with costs.



Footnotes

Footnote 1: Plaintiff purchased his property in 1989 and defendant purchased her property in 2011. The parties share, along with two other property owners, a deeded easement providing them a right-of-way for ingress and egress to their respective properties via a shared private roadway.

Footnote 2: Plaintiff's complaint alleged six causes of action: (1) to recover possession of real property (see RPAPL 601 et seq.); (2) treble damages for ejectment from real property (see RPAPL 853); (3) an injunction directing removal of defendant's fence (see RPAPL 871); (4) quiet title; (5) trespass; and (6) injury to property.

Footnote 3: As a result, the following causes of action remained: (1) trespass; (2) injury to property; (3) negligence; (4) conversion of woody material; (5) cutting and removal of timber (see RPAPL 861); (6) tortious surveillance; and (7) malicious prosecution.

Footnote 4: In its January 2017 order, Supreme Court also partially granted defendant's third summary judgment motion by dismissing plaintiff's tortious surveillance claim.

Footnote 5: Plaintiff's right to the appeal from the August 2016 and January 2017 nonfinal orders terminated upon the entry of the March 2017 final judgment and, thus, his appeals from those orders must be dismissed (see Silipo v Wiley, 138 AD3d 1178, 1179 [2016]). Nevertheless, the appeal from the judgment brings up for review the August 2016 and January 2017 orders (see CPLR 5501 [a] [1]; Augusta v Kwortnik, 161 AD3d 1401, 1403 [2018]). However, with respect to the January 2017 order, to the extent that plaintiff's motion sought reargument, no appeal lies from the denial of a motion to reargue (see Matter of Mitchell v Annucci, 173 AD3d 1579, 1579 n [2019]; GMAT Legal Tit. Trust 2014-1 v Wood, 173 AD3d 1533, 1534 [2019]). Further, to the extent that the motion sought renewal, plaintiff has raised no issues with regard thereto (see Casey v State of New York, 148 AD3d 1370, 1372 n 2 [2017]; Deep v Boies, 121 AD3d 1316, 1324 n 1 [2014], lv denied 25 NY3d 903 [2015]).

Footnote 6: In any event, any prejudice suffered by plaintiff upon admission of such testimony was alleviated, as Supreme Court provided plaintiff ample additional time to prepare for cross-examination. Further, plaintiff's contention that Supreme Court permitted Brown to make gratuitous prejudicial comments is belied by the record, as these comments were specifically stricken from the record.

Footnote 7: Supreme Court also properly precluded Lynch from testifying as a fact witness as to damages as he acknowledged that he had no personal knowledge as to who caused the damage to the roadway or when it occurred.

Footnote 8: Plaintiff failed to articulate or reference in his brief any specific instance where Supreme Court improperly or inconsistently applied the hearsay rule, excluded evidence favorable to plaintiff or erred in delivering its jury instructions and, therefore, we deem these arguments to have been abandoned (see Rauch v Ciardullo, 127 AD3d 1293, 1293 n [2015]). To the extent that plaintiff does contend that Supreme Court erred in refusing to receive a survey map into evidence, he rendered no objection to Supreme Court's ruling limiting the use of the map solely as a demonstrative exhibit and, therefore, said argument is unpreserved (see Liuni v Haubert, 289 AD2d 729, 729 [2001]).